STATE *vs.* PATRICK McGUIRE.

A defendant in proceedings civil or criminal who testifies in his own behalf may be impeached like any other witness by showing his previous conviction of a felony.

EXCEPTIONS to the Court of Common Pleas.

*May* 22, 1885.  PER CURIAM.  The only question raised by the exceptions is whether, if a defendant on the trial of an indictment against him testifies in his own behalf, it is competent for the State to introduce the record of his previous conviction of a felony to impeach his credibility as a witness.   We think there can be no doubt that such testimony is admissible.   At common law a person after such conviction was incompetent to testify, and upon production of the record was utterly excluded.   Our statute modifies the common law by providing that such a person "shall be admitted to testify like any other witness, except that such conviction or sentence may be shown to affect his credibility."   Pub. Stat. R. I. cap. 214, § 38.   Under this provision the credibility of any ordinary witness who has been convicted of felony can be impeached by the production of the record of his conviction.   The only question, therefore, is whether a defendant in a criminal or civil case, who takes the witness stand in his own behalf, is privileged beyond ordinary witnesses from impeachment in this manner.   We can see no reason why he should be.   The enabling provision is simply, "No respondent in a criminal prosecution, offering himself as a witness, shall be excluded from testifying because he is such respondent."   Pub. Stat. R. I. cap. 214, § 39.   We think that when

he testifies as a witness on his own offer, he becomes liable to impeachment like any other witness.       *Exceptions overruled.*

*Samuel P. Colt*, Attorney General, for plaintiff.

*George J. West*, for defendant.