STATE *vs*. FRED G. BABCOCK.

WASHINGTON—JUNE 6, 1903.

PRESENT: Stiness, C. J., Douglas and Dubois, JJ.

(1)  *Evidence.*

After cross-examination by defendant, which had disclosed that a witness for the State was not positive as to the exact date of a fact testified to by him, a question by the State, directing attention of witness to the time in question in order to show that witness was testifying to events within the period covered by the indictment, was not improper.

(2)  *Opinion Evidence.*

In an indictment for a common nuisance, testimony of witness calling for his opinion upon the question whether, if the place was one where disorderly people were in the habit of resorting, it would make a difference if such persons were relatives of the owner thereof, was properly refused, that being one of the questions to be determined by the jury under instructions from the court.

(3)  *Evidence. Affecting Credibility of Defendant.*

A defendant offering himself as a witness may be asked in cross-examination, for the purpose of affecting his credibility, whether he has previously been convicted of crime or misdemeanor.

INDICTMENT for maintaining a common nuisance. Heard upon defendant's petition for a new trial. Petition denied.

PER CURIAM. The defendant, convicted of keeping and maintaining a common nuisance in the town of North Kingstown, has brought his petition for a new trial upon the grounds that the verdict is against the evidence and the weight thereof; that the court erred in its rulings and in admitting testimony contrary to law, which was prejudicial to the defendant.

The evidence, consisting of testimony that beer and whiskey were sold and drunk in the house of and in the presence of the defendant on several Sundays; that men and women danced in said house on said Sundays; that drunken people were found on the premises, and that bottles, jugs, and receptacles for liquor were also there found, with testimony as to the notorious character of the premises, was sufficient.

(1)  The first exception taken by the defendant was to the ruling

of the court overruling his objection that the counsel for the State was cross-examining its own witness by asking the following question in the redirect-examination of George Card, viz.:

"Do you know whether or not this was since last winter that you went there?"

The question directed the attention of the witness to the time when he was at the defendant's house, in order to satisfy the jury that the witness was testifying to events that occurred within the time covered by the indictment, and was asked after the cross-examination by the counsel for the defendant, which had disclosed the fact that the witness was not positive as to the exact date of his visit.

Under the circumstances the question was not improper, and was so much within the discretion of the court that we should hesitate before interfering in such a matter. *State v. Williams*, 6 R. I. 207.

(2)    The second exception was to the refusal of the court to allow Albert C. Reynolds, a witness for the State, to testify as to his opinion, on cross-examination by the counsel for the defendant, in answer to the following incomplete question: "If he had a sister-in-law and a brother-in-law at this place and a niece at this place, and he went there on Sunday to see them, do you mean—"

It appears from an examination of the record that the witness Reynolds had testified that the house of the defendant was the resort of two men named Gavitt, father and son, said by him to be men of "bad character, disreputable, loafers, and hangers on of these kind of places," and the defendant was attempting to show the jury by the witness that the elder Gavitt was the defendant's father-in-law and the younger Gavitt was his brother-in-law, and that they had relatives whom they were accustomed to visit at the house of the defendant, in order to prove that it was merely a family gathering.

In answer to the suggestion of the defendant's counsel—'I understand this witness to say they were there, loafing, around there. Am I not entitled to put this hypothetical

question to him?"—the court made this ruling: "No, I think the jury can draw their own conclusions after the evidence is all in. You can show family relationship, if there was one." ("Exception taken by Mr. Allen.")

The court was clearly right; it was not the province of the witness to give his opinion upon the question whether, if this was a place or tenement where intemperate, idle, dissolute, noisy or disorderly persons are in the habit of resorting, it would make a difference if such persons were relations or connections of the owner or keeper thereof; that was one of the questions to be determined by the jury under instructions from the court.

(3)  The last exception taken by the defendant was to the overruling by the court of his objection to the following question, asked by the State's counsel in cross-examination of the defendant: "You have been convicted previously for this offence; of the same offence as this?"

The ruling was correct. A defendant offering himself as a witness may be asked in cross-examination, for the purpose of affecting his credibility, whether he has previously been convicted of crime or misdemeanor. *State* v. *Ellwood,* 17 R. I. 763.

No other exceptions have been called to our attention.

New trial denied and dismissed, and case remanded to the Common Pleas Division for further proceedings.

*William B. Greenough,* for State.

*Samuel W. K. Allen,* for defendant.