FRANCIS L. McGOVERN, *D. S. vs.* ASSAD MICHAEL *et al.*

NOVEMBER 22, 1939.

CAPOTOSTO, J. After the opinion in this case was filed, the court granted the plaintiff's motion for a reargument "upon the question of what amendment, if any, should be made in the last paragraph of the opinion." Following a hearing on the motion, we examined the paragraph in question and found that the last sentence in that paragraph should be amended to read as follows: "In case the plaintiff shall file such remittitur, the superior court is directed to award execution for the plaintiff on the judgment in the amount as reduced by the remittitur." We accordingly order this amendment.

In the course of his argument on the above motion for the purpose indicated, the plaintiff contended that, since the defendant had replevied the property in question and had failed to comply with the order of return and restoration upon the termination of the replevin action, interest on the value of the property as fixed by this court should be computed either from the date of the writ in the replevin action or from the date of the defendant's failure to comply with the order of return and restoration; and that such interest should be added to and made a part of the judgment in this case.

The plain answer to this contention is that such an issue is not involved in this case. The plaintiff does not deny that his present contention was never submitted to the trial justice in the superior court, and it certainly was not even mentioned by him at the hearing before us. A reargument does not permit a party to inject new issues in a case.

An examination of the record shows that on December 8, 1936, the jury, by direction of the court, returned a verdict for the plaintiff for $3000, the penal sum of the bond. The defendant's exceptions to such ruling were subsequently

overruled by this court and the case was remitted to the superior court for the entry of judgment for the plaintiff on the verdict as directed. In compliance with the order of this court, such a judgment was entered by the superior court on July 6, 1938, "as of Dec. 8, 1936." Thus it appears that in this particular case the effective date of judgment is December 8, 1936. Accordingly, the execution finally awarded, in whatever amount, on chancerization of the bond would follow said judgment of the superior court as directed by this court. The plaintiff is therefore entitled to such interest as attaches by operation of law to the amount called for by the execution from the date of verdict above stated.

The time fixed in the opinion for filing a remittitur has expired. In the circumstances, the plaintiff may, if he so desires, file a remittitur in accordance with the opinion on or before December 4, 1939. In all other respects, except as to the amendment in the last sentence thereof, the opinion is affirmed.

*Benjamin Cianciarulo, Aram A. Arabian,* for plaintiff.

*Frank H. Wildes,* for defendant.