221 A.2d 468.

STATE *vs.* CARL W. FRAZIER.

JULY 5, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

PAOLINO, J. This is an indictment charging that the defendant "did unlawfully sell, furnish, give away and deliver a narcotic drug in violation of the provisions of" G. L. 1956, §21-28-32, as amended. After a hearing before a justice of the superior court sitting with a jury the defendant was found guilty. Although his bill of exceptions lists thirty-six exceptions, he is pressing only two, one to an evidentiary ruling and one to the denial of his motion for a new trial. The remaining exceptions, having been neither briefed nor argued, are deemed to be waived.

The evidence in this case consists of certain exhibits and the testimony of four witnesses presented by the state. It appears that it is the practice of the state department of health, under certain circumstances, to hire individuals considered trustworthy by the department's narcotics inspec-

tors to make purchases of narcotics, under supervision, in the investigation of suspected narcotic peddlers; that such individuals are paid for their work out of departmental funds; that one of the state inspectors made contact with a certain female informer who gave him information concerning defendant; that the inspector contacted a certain male informer, whom he described as a trusted individual whose services he had engaged in 1960; that as a result of arrangements made by said inspector and another state inspector with the two informers, the latter went to a tenement occupied by defendant; and that, in the presence of the female informer, defendant sold the male informer a quantity of narcotics and paid for the same with money given to him by one of the state inspectors.

The inspectors in the meantime had the building under observation and after the alleged sale the male informer met the inspectors outside by prearrangement and gave the narcotic to one of the inspectors. It appears that this informer had first met the inspector in 1957, when he was arrested by him for selling narcotics. Two indictments were returned against him and the inspector was a state's witness at the trial on one of the indictments. He was convicted and on December 9, 1957 was sentenced to a two-year term and he received a deferred sentence on the second indictment. He was released in September 1959, at which time the deferred sentence started to run. He was still on a deferred sentence at the time of the incidents involved in this case.

At the trial the state called as witnesses the two inspectors, a state toxicologist and the male informer who was the state's principal witness. Although both informers were paid for their services by the state inspector, the female informer was not called as a witness. The male informer testified that on November 27, 1963 he purchased narcotics from defendant and related the incidents leading to

such purchase. He was subjected to exhaustive cross-examination. The two inspectors also testified as to their respective roles with respect to the events leading to defendant's arrest.

The defendant briefs and argues his exception to the denial of his motion for a new trial under three main points. Under point I he contends that in considering the evidence the trial justice overlooked a material ground relied upon by him in pressing his motion for a new trial, namely, the failure of the state to call the female informer as a witness and the inferences that could be drawn therefrom, especially since it appears that during the course of the trial the state offered no explanation for its failure to call such witness.

The defendant relies on certain language in *Huebel* v. *Baldwin,* 45 R. I. 40, and *McCall* v. *Laferriere,* 79 R. I. 174. In *Baldwin,* which involved the failure of a party to the action, who was present in court, to testify in explanation of testimony adverse to him, the court said at page 45, "The jury properly might infer that the failure to call an available and material witness by the party who naturally is expected to produce such witness was an admission that the testimony of such witness would be unfavorable." The court in *Baldwin* held that the failure of such party to testify in regard to facts vital to the issue and some of which were known only to him, warranted an inference unfavorable to him and therefore ruled that there was sufficient evidence to require submission to the jury. That case involved an exception to the direction of a verdict.

In *McCall,* in passing on defendant's exception to the ruling of the trial justice granting each plaintiff's motion for a new trial, the court adverted to plaintiffs' failure to call two witnesses and cited with approval the statement in *Baldwin, supra.* But in *McCall* the court held that in passing on the motion for a new trial the trial justice did

not perform his duty in accordance with our well-established rule and therefore examined the evidence itself in accordance with our appellate rule.

At page 180 in *McCall, supra,* the court said:

"And Miss Cochran's absence from the witness stand could well have given rise to an inference in their minds that her testimony would have been unfavorable to the plaintiff. Moreover, an even stronger inference of a like unfavorable character could have been drawn by them from the failure of the plaintiff to obtain the testimony of her personal friend, Ensign Humphrey, who certainly must have been in the best position of all to testify as to the manner in which she drove her car and whether or not defendant had negligently driven his car partly across the center line and into her car causing the collision."

After examining the evidence itself, the court in *McCall* concluded that it could not say that the great weight of the evidence and the inferences to be drawn therefrom were contrary to the verdict and therefore it should not be disturbed. It accordingly sustained defendant's exception to the granting of plaintiff's motion for a new trial in each case.

We agree with the statement of the rule and with its application in *McCall* and *Baldwin.* However, because of the posture in which the problem arose in those cases they do not govern the instant case where, notwithstanding the absence of the testimony of the female informer, the jury found defendant guilty. Neither *McCall* nor *Baldwin* stands for the rule that failure to call a material witness compels an adverse inference; on the contrary those cases merely state that under certain circumstances the failure to call a material witness may give rise to an adverse inference.

As we have indicated, the main thrust of defendant's attack under this point is that since the trial justice, in passing on the motion for a new trial, did not refer to the

absence of the female informer as a witness and to the adverse inferences that could have been drawn from such absence, it follows that he overlooked this ground in arriving at his ultimate decision. We cannot agree with defendant on this issue.

In passing on defendant's motion the trial justice carefully reviewed the testimony of the four witnesses presented by the state. He based his decision primarily on the testimony of the male informer. He was under no compulsion to draw any adverse inference from the state's failure to call the female informer as a witness. Although under our decisions, in passing on the weight of the evidence, he could have drawn adverse inferences, it is clear from this record that he did not, and, what is more important, he expressly rested his decision upon his reliance on the testimony of the male informer. Moreover, as hereinafter pointed out, he stated that in his independent judgment the verdict was supported by clear and convincing evidence and defendant was guilty beyond a reasonable doubt.

Implicit in his decision is the fact that he considered the failure of the state to call the female informer and the permissible adverse inference that could be drawn therefrom, and that having given it consideration, he rejected it. In the circumstances his failure to expressly refer thereto cannot be taken to mean that he overlooked this ground of defendant's motion.

Under point II defendant contends that in passing on the motion for a new trial the trial justice considered matters not in the record when he stated that the trial having been previously started, he had the benefit of two views, but the jury had the benefit of only one. Since a view is not evidence, *D'Acchioli* v. *Cairo,* 87 R. I. 345, *Rietzel* v. *Cary,* 66 R. I. 418, and since we find nothing in the record indicating that he gave any weight to this remark in arriv-

ing at his decision we must conclude that it was merely a passing remark having no legal significance or consequences. In our judgment there is no merit to this contention.

We come now to defendant's third contention that the weight of the evidence strongly preponderates against the verdict. In our judgment the trial justice performed his duty in passing on the motion for a new trial. *State* v. *Lorenzo*, 72 R. I. 175. He exercised his independent judgment in passing on the weight of the evidence and the credibility of the witnesses and clearly stated his reasons for upholding the verdict of the jury. Notwithstanding the fact that the male informer had a criminal record, was still on a deferred sentence, and was a paid informer, all of which he expressly mentioned, the trial justice stated that he placed great weight on his testimony and, indeed, relied on the same in arriving at his decision. Moreover, he stated that the verdict was supported by the evidence which he described as "clear and convincing," and expressed his own independent view "that the defendant is guilty of the offense as charged against him beyond a reasonable doubt."

Fundamentally defendant's instant contention is based on credibility, not on the absence of competent evidence to establish the commission of the offense charged or on the presence of testimony which is inherently improbable. Since the trial justice has performed his duty in accordance with our well-established rule, we do not disturb his finding unless it is clearly wrong. We have carefully considered his decision in the light of all the evidence and it is our judgment that he did not overlook or misconceive any material evidence and that his decision was fully justified by the evidence. Exception 36 is overruled.

Under exception 19 defendant contends that the trial justice committed prejudicial error in sustaining the state's objection to a question put to one of the state inspectors

during cross-examination by defendant. It appears that while being cross-examined by defendant the inspector testified that he knew that the state's principal witness, the male informer, was on a deferred sentence, but that he did not have supervision over the informer's deferred sentence and he did not know the actual dates of such deferred sentence. He was then asked the following question to which the state's objection was sustained:

"And do you know that after you serve time in jail that the deferred sentence starts running all over again, the five-year deferred sentence?"

The defendant contends in substance that he was prevented from pursuing a legitimate line of inquiry, the purpose of which was to show that the male informer's testimony was possibly influenced by the inspector or motivated by fear of retaliation. In this connection defendant cites authority to the effect that on cross-examination of a detective, spotter or paid informer, liberal latitude should be given on all matters affecting a witness' interest in the prosecution so that the jury may see a witness in his proper setting and so that his credibility and the weight of his testimony may be put to the test.

It is true that in cross-examining a witness a party should be given reasonable latitude in order to accomplish the ultimate purpose of cross-examination in the search for truth. However, it is equally true that reasonable guidelines must be established to regulate such latitude in order to insure an orderly, as well as a fair, trial. To fulfill this need, the scope of cross-examination is left to the sound discretion of the trial justice. *State* v. *Tutalo*, 99 R. I. 14, 22, 205 A.2d 137, 142. On this record we find no abuse of discretion. Moreover the question as phrased does not lend itself to the proof for which it was offered and, in any event, the defendant made no offer of proof at the trial to establish what he intended to prove by such cross-examination, and having failed to do so, he cannot now

complain that the ruling was prejudicial and an abuse of discretion. *State* v. *Smith,* 70 R. I. 500.

All of the defendant's exceptions briefed and argued are overruled, and the case is remitted to the superior court for further proceedings.

### MOTION FOR REARGUMENT.

#### JULY 15, 1966.

PER CURIAM. After our decision in the above case was filed, the defendant by permission of the court presented a motion for leave to reargue setting forth therein certain reasons on which he bases his contention that justice requires a reargument.

We have carefully considered them and are of the opinion that they present nothing which in the circumstances warrants a reargument.

Motion denied.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Assistant Attorney General, for State.

*Jacob J. Alprin,* for defendant.