**Carl W. FRAZIER, Petitioner, Appellant**

v.

**Harold V. LANGLOIS, Warden of Adult Correctional Institution, Respondent, Appellee.**

**No. 7196.**

United States Court of Appeals
First Circuit.

March 20, 1969.

Milton Stanzler, Providence, R. I., by appointment of the Court, for appellant.

Donald P. Ryan, Asst. Atty. Gen., with whom Herbert F. DeSimone, Atty. Gen., was on brief, for appellee.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Petitioner, a Rhode Island prisoner serving two sentences for twenty and twenty-two years, sought federal habeas corpus to gain release from both. The district court denied the petition on the ground that petitioner had not exhausted his state court remedies. We affirm.

■ As to the proceedings leading to the twenty year sentence, habeas is sought because of the alleged denial of the right of confrontation with an absent witness—an informer—whose statements were allegedly admitted into evidence. But the issue presented to the state court in a prior proceeding was that the confrontation clause was violated in failing to call as a witness (or explain her absence) an informer who had been instrumental in setting up a sale of narcotics which sale was used in evidence. There was no allegation that any statements attributed to the informer were used in evidence, i. e., that the informer could in any way be regarded as a witness whom the petitioner had the right to confront. The district court acted properly in holding that the issue before it had never been put to the Rhode Island courts. Needel v. Scafati, 412 F.2d 761 (1st Cir., filed this day).

■ As to the proceedings leading to the twenty-two year sentence, petitioner filed a "motion to reargue" after losing an appeal to the Rhode Island Supreme Court. His motion alleged that his attorney had failed to take certain exceptions at trial and that he had been denied effective assistance of counsel. These were new issues and, under Rhode Island practice, not properly raised by a motion to reargue. McGovern v. Michael, 63 R.I. 464, 9 A.2d 274 (1939). Petitioner urges that since the Rhode Island Supreme Court is concerned with substance rather than form, it must have considered the questions and found them insubstantial. We share petitioner's view of that court, but it does not lead to petitioner's conclusions. Petitioner must, if he wishes to pursue those issues, avail himself of the state habeas corpus procedure.

Affirmed.