306 A.2d 837.

COOPER ALLOY CORPORATION *vs.* E. B. V. SYSTEMS, INC.

JULY 11, 1973.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This is a civil action to recover for goods sold and delivered. The matter was tried to a justice of the Superior Court, sitting without a jury, who thereafter rendered a judgment for the plaintiff in the amount of $5,112.92 plus costs. From that judgment the defendant has appealed to this court.

The plaintiff operates a foundry in which it manufactures steel castings. The defendant operates a business which manufactures and sells metal valves and related items. In 1969, plaintiff agreed to manufacture for defendant certain castings for valves, using materials as requested by defendant according to its specifications. After receiving plans from defendant, plaintiff ordered patterns from which castings were to be made. These patterns were ordered from independent pattern-makers. It was agreed by the parties that the castings were to be subjected to certain tests. The plaintiff delivered the castings to defendant who began to machine the castings before the report of the tests was received. The report, when received, indicated that the castings did not pass the required impact test. As a result, plaintiff advised defendant that, at defendant's option the defective castings could either be returned or in the alternative, defendant could retain castings and receive a 50 per cent credit on the charges from plaintiff. The defendant did not return any of the material delivered by plaintiff nor did it make any payments to plaintiff. The patterns were not delivered to defendant by plaintiff.

In his decision, the trial justice accepted the testimony of plaintiff and disregarded the testimony of defendant as to matters in dispute, and based on that testimony, he arrived at a value for the contested items and enumerated the value of the individual items in his decision. He thereupon rendered judgment in the amount of $5,112.92 plus costs. The defendant, in its appeal, relying on G. L. 1956 (1969 Reenactment) §6A-2-310(a)[1] contends that the trial

---

[1] Section 6A-2-310 in pertinent part reads as follows:

"Open time for payment or running of credit—Authority to ship under reservation.—Unless otherwise agreed

(a) payment is due at the time and place at which the buyer is to receive the goods even though the place of shipment is the place of delivery * * *."

justice erred in including charges for "patterns" in his decision since there had been no delivery of the patterns to defendant. The plaintiff contends, however, that §6A-2-310 is applicable only if read together with G. L. 1956 (1969 Reenactment) §6A-1-205(2), (3), (5).[2] We agree with plaintiff's contention.

John Halkowich, treasurer of plaintiff corporation, testified as to "usage of trade" in relation to making of patterns for customers. He testified that foundries always demanded payment for patterns before delivering them to customers. This testimony was not contradicted by defendant. Relating this uncontradicted testimony to the provisions of the General Laws quoted above, we hold that under the circumstances delivery by plaintiff was not required, and that the trial justice was correct in including charges for the "patterns" in his decision.

The defendant argues that the trial justice erred in admitting into evidence over its objection four invoices and cites as authority Super. R. Civ. P. 15(b) which states:

> "Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by expressed

---

[2]Section 6A-1-205(2), (3) and (5) reads as follows:

"Course of dealing and usage of trade.—***

(2) A usage of trade is any practice or method of dealing having such regularity of observance in a place, vocation or trade as to justify an expectation that it will be observed with respect to the transaction in question. The existence and scope of such a usage are to be proved as facts. If it is established that such a usage is embodied in a written trade code or similar writing the interpretation of the writing is for the court.

(3) A course of dealing between parties and any usage of trade in the vocation or trade in which they are engaged or of which they are or should be aware give particular meaning to and supplement or qualify terms of an agreement.
***

(5) An applicable usage of trade in the place where any part of performance is to occur shall be used in interpreting the agreement as to that part of the performance."

or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

The rule cited is not applicable to the exhibits. The four exhibits were not presented in support of an issue that was not within the issues framed by the pleadings. Rather, they were being used to show that sometime during the period the litigants were doing business with each other, plaintiff had agreed to apply certain credit to defendant's account which in turn reduced the balance owed to plaintiff. The exhibits in question merely show the adjustments made by plaintiff. It is interesting to note that while plaintiff in its complaint sought some $7,600, its treasurer, after a review of his records including the four invoices, revised his figures and informed the trial justice that the amount owed was $5,287.24.

The defendant next contends that the trial justice committed prejudicial error in refusing to reduce the award to the plaintiff by the amount claimed as damages because of the faulty material supplied by the plaintiff. Although the point was briefed by the defendant, it was specifically waived during oral argument and, therefore, will not be considered by us.

The appeal of the defendant is denied and dismissed, the judgment appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Levy, Goodman, Semonoff & Gorin, Stephen F. Mullen,* for plaintiff.

*William F. Hague, Jr.,* for defendant.