314 A.2d 141.

CARL W. FRAZIER *vs.* FRANCIS A. HOWARD, *Warden.*

JANUARY 22, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This case has been before the courts in this state many times since 1964. It is presently here on the petitioner's petition for a writ of habeas corpus. The question which we are called upon to determine in this proceeding involves the petitioner's claim that he was denied his sixth amendment constitutional right to confrontation because of the state's failure to produce a certain paid police informer as a witness or to explain her absence. For convenience, before considering the issues raised by the petitioner in this proceeding, we shall discuss the travel and factual background of this case as outlined by the petitioner in his petition.

On January 16, 1964, petitioner was arrested and charged with the unlawful sale of a narcotic drug on November 27, 1963, in violation of G. L. 1956, §21-28-32, as amended by P. L. 1962, ch. 110, sec. 1. He was subsequently indicted and tried before a justice of the Superior Court and a jury. The transcript of that trial, as well as the allegations in the present petition for habeas, reveal the following factual background.

Two state inspectors, James E. Bergin and Malcolm T. Brown, engaged a paid female informer, who was supposed to know petitioner, to arrange for a sale of a narcotic drug by petitioner. She was known as Judy, and, although her last name was never clearly established, there was testimony that she was known as Judy Brown and/or Judy Ramos.

The inspectors also engaged a paid male informer, George DeCosta, who admittedly did not know petitioner, but who was to be introduced to petitioner by Judy. DeCosta was the state's principal witness at the trial. He related what happened on the night of November 27, 1963. His testimony, insofar as pertinent here, is in substance as follows. He was called by Inspector Bergin and as a result of that call he met the two inspectors on November 27, 1963, and later that night all three met Judy to whom DeCosta was introduced as a friend of Inspector Bergin. Judy escorted him to petitioner's third floor apartment in a building on Chalkstone Avenue in Providence. Judy addressed petitioner as Carl and introduced DeCosta to petitioner and said he was a boyfriend. DeCosta told petitioner his name was Bobby Gomes. They stayed in the apartment four or five minutes and during their stay petitioner left the apartment and then returned with a packet which he gave to DeCosta. Mr. DeCosta paid him $20 for the packet of heroin. After he made the purchase he and Judy left and later met the inspectors. DeCosta identified petitioner as the person who sold him the heroin for $20.

In reply to questioning by the prosecutor as to whether or not he knew petitioner's name, DeCosta replied: "The girl called him Carl." During cross-examination of DeCosta petitioner's counsel questioned the witness at some length about conversations between Judy and petitioner.

Inspector Bergin testified about the events he witnessed on the night in question. He said he knew Judy as Judy Brown or Judy Ramos. He saw Judy and DeCosta as they approached the building in which petitioner's apartment was located. He testified that Judy looked up and holloed "Carl." After objection to the mention of petitioner's name, the trial justice struck the name from the answer and instructed the jury to disregard it. Bergin testified that after she holloed, he saw a face come to one

of the third floor windows and that he recognized it as petitioner's. Four or five minutes after Judy and DeCosta went in, he saw petitioner come out the door, look up and down the street, then go back in. About five minutes later Judy and DeCosta came out. Later that night DeCosta gave Bergin the heroin he had bought with money given to him by Bergin.

It appears from the allegations in the petition before us that after the trial justice struck the name "Carl," petitioner's counsel cross-examined Bergin at length about the same subject.

Inspector Brown also testified. A discussion of his testimony will serve no useful purpose here other than to point out that he said he knew the girl informer as Judy.

The petitioner also alleges that when one of the state agents was asked why they needed another person to procure the sale in addition to Judy, he replied "[b]ecause we couldn't rely on her to testify." Neither the state nor petitioner called Judy to testify at the trial.

The trial ended with a verdict of guilty. The trial justice denied petitioner's motion for a new trial and later imposed a 20-year sentence. We overruled his bill of exceptions and denied his motion to reargue. *State* v. *Frazier*, 101 R. I. 156, 164, 221 A.2d 468, 473 (1966).

Since 1966 petitioner has filed several post-conviction petitions, including one in the Federal District Court.[1] For the purposes of this case we need refer only to the habeas corpus petition which he filed in the Superior Court in March, 1969, because that petition is based on the same facts and raises the same issues as in the petition presently before us.

The March, 1969 petition was heard before a justice of the Superior Court on various days between May 8, 1969

---

[1]*Frazier* v. *Langlois*, (D.C. R. I. 1968)—petition dismissed for failure to exhaust state remedies; *aff'd*, 412 F.2d 766 (1st Cir. 1969).

and April 24, 1970, to be specific, May 8, 1969, September 25, 1969, November 17, 1969, February 3, 1970, February 12, 1970, February 16, 1970 and April 24, 1970. In that proceeding petitioner raised questions involving not only Indictment No. 32656, but also Indictment No. 33819 in which petitioner raised competency of counsel issues. The trial justice had before him the transcripts of the trials involving both indictments. It appears from the transcript of the March, 1969 proceeding that petitioner not only testified but also argued strenuously in support of his claim that by failing to call Judy as a witness or to explain her absence the state had deprived him of his sixth amendment right of confrontation. The petitioner admitted that at the original trial he did not ask his attorney to call her as a witness and that he did not know whether she was then available.

Inspector Malcolm T. Brown testified about his efforts during the trial in June, 1964. He stated that he tried to locate the informant, Judy, but could not find her. He said he had learned from other informants that she was in California but he was not told where in California.

After the hearing the trial justice denied the petition. In his decision he said that there was not "* * * the slightest possible basis for drawing an inference that the State excluded from the trial a witness whose testimony would have been favorable to the petitioner" and that he was "satisfied there was no violation of confrontation clause of the Sixth Amendment to the United States Constitution * * *." He also found against petitioner on the issues he raised with respect to the other indictment.

After the denial of his petition by the Superior Court justice, petitioner, on October 2, 1970, filed the instant petition in this court. As we have pointed out above, this petition is based on the same facts and raises the same issues as the petition which he filed in the Superior Court.

On November 1, 1972, we granted the petition for writ of habeas corpus filed by petitioner and ordered the writ to issue forthwith. We directed petitioner to limit his argument to (1) the question of competency of counsel and (2) the question raised by petitioner claiming that his constitutional right to confrontation was violated. *Frazier* v. *Howard*, 110 R. I. 946, 296 A.2d 120 (1972). The petitioner has neither briefed nor argued the competency of counsel question and, therefore, this question shall be deemed to have been waived and will not be considered by this court. Accordingly, as we have indicated above, we shall confine ourselves to a consideration of the confrontation question which petitioner raised in the case involving Indictment No. 32656.

With this factual background in mind we address ourselves to the question of whether, on this record, petitioner has established a violation of his sixth amendment right to confrontation. In passing on this question we have the benefit of the transcript of the evidentiary hearing held in the Superior Court in March, 1969. After examining that transcript we find no merit to any of petitioner's arguments with respect to his claim that his sixth amendment right to confrontation was violated.

We find no violation of the confrontation clause of the sixth amendment to the federal constitution. Judy, who was known by petitioner as well as by the state, was not an accuser. Nor were the references to her mention of the name "Carl" hearsay. Hearsay evidence is *"testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter."* McCormick, *Evidence* §246 at 584 (2d ed. 1972). The utterances attributed to Judy were clearly not within the definition of hearsay.

636

The cases cited by the petitioner are of no help to him and, therefore, require no discussion.

The petition for habeas corpus is denied and dismissed, and the writ heretofore issued is quashed.

*Richard J. Israel*, Attorney General, *Donald P. Ryan*, Asst. Attorney General, for plaintiff-respondent.

*William F. Reilly*, Public Defender, *Alton W. Wiley*, Asst. Public Defender, for defendant-petitioner.