319 A.2d 346.

STATE *vs.* RICHARD LOMBARDI.

MAY 16, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. Richard Lombardi was tried and convicted by a jury in the Superior Court on an indictment charging him with unlawful possession of a hypodermic needle and syringe adapted for injecting habit-forming drugs, in violation of G. L. 1956 (1968 Reenactment) §21-28-33, as amended by P. L. 1969, ch. 121, sec. 1. Following the denial of his motion for a new trial, Lombardi was sentenced to serve a term of three years at the Adult Correctional Institutions, but execution thereof was suspended and he was placed on probation for five years. The case is now here on his appeal.[1]

A review of the evidence is unnecessary inasmuch as the only error assigned is to the denial of defendant's motion to prohibit the state from using a prior narcotics conviction for impeachment purposes. That motion was made after the state had rested its case but before defendant offered his. When it was denied, defendant presented evidence in his own defense, but did not himself testify.[2]

---

[1]Following his conviction defendant gave notice of his intention to prosecute a bill of exceptions. Before that bill was perfected Rule 4(b) of our rules became effective. It substituted an appeal for a bill of exceptions as the means of securing appellate review of criminal proceedings in the Superior Court.

[2]The state does not question the practice whereby defendant obtained an advance ruling on whether, if he took the stand, he could be impeached by his prior criminal record. While to our knowledge that procedure has not heretofore been followed in this state, it apparently has been used elsewhere. *United States* v. *Palumbo,* 401 F.2d 270 (2d Cir. 1968), *cert. denied,* 394 U. S. 947, 89 S.Ct. 1281, 22 L.Ed.2d 480 (1969); *Barber* v. *United States,* 392 F.2d 517 (D.C. Cir. 1968); *see United States* v. *Stroud,* 474 F.2d 737, 739 (9th Cir.), *cert. denied,* 412 U. S. 930, 93 S.Ct. 2759, 37 L.Ed.2d 157 (1973).

The defendant's contention is that he should have been afforded an opportunity to tell his story without incurring the substantial risk that the knowledge of his prior conviction of an offense similar to that for which he was on trial might prejudice the jury against him and influence them to decide that, having committed one narcotics offense, he probably was guilty of another. To foreclose his opportunity to testify without encountering that potential for prejudice, defendant concludes, effectively deprived him of a fair trial.

Those contentions would undoubtedly weigh heavily if we followed a balancing theory and excluded evidence of a prior conviction whenever the trial justice, in the exercise of his sound judicial discretion, determined that the prejudicial effect of such evidence clearly outweighed its probative value.[3] There are some courts which take this tack. *E.g., United States* v. *Puco,* 453 F.2d 539 (2d Cir. 1971); *United States* v. *Hildreth,* 387 F.2d 328 (4th Cir. 1967); *Luck* v. *United States,* 348 F.2d 763 (D.C. Cir. 1965); *see Commonwealth* v. *Bighum,* 452 Pa. 554, 566-67, 307 A.2d 255, 262-63 (1973); McCormick *Evidence* §43 at 89-90 (2d ed. 1972). *Contra, United States* v. *Villegas,* 487 F.2d 882 (9th Cir. 1973).

But that is not the approach we have taken in this state. Here, we have over the years followed a practice which permits a witness to be impeached by evidence of a prior conviction irrespective of whether that conviction was for a crime involving "moral turpitude" affecting credibility, or was likely to result in disproportionate prejudice.

---

[3]In other circumstances we apply such a principle and hold that relevant matter, not barred by a specific rule of evidence, should be considered by the jury unless its probative value is clearly outweighed by its tendency to divert the jury from their fair determination of the issues properly before them. *E.g., State* v. *Rezendes,* 111 R. I. 169, 173-74, 300 A.2d 472, 474-75 (1973); *State* v. *Reardon,* 101 R. I. 18, 23-26, 219 A.2d 767, 771-72 (1966).

The sweep of our broad practice has, however, been somewhat narrowed by our insistence that the prior conviction not be too remote in time, and that at the time it is received in evidence the jury be instructed that its admission is for the sole purpose of impeaching credibility and is otherwise without probative value. *Mercurio* v. *Fascitelli*, 107 R. I. 511, 268 A.2d 427 (1970); *see also State* v. *McCartin*, 106 R. I. 674, 679-80, 262 A.2d 826, 829 (1970); *Pedorella* v. *Hoffman*, 91 R. I. 487, 165 A.2d 721 (1960); *Brown* v. *Howard,* 43 R. I. 571, 114 A. 11 (1921); *State* v. *Babcock,* 25 R. I. 224, 226, 55 A. 685, 686 (1903).

This court's approach to the problem, though perhaps at variance with a recent trend in some of the decisions, rests upon our assumption that the Legislature, by its long-standing acquiescence in the construction we have given to its enactment,[4] has thereby manifested its approval of that construction. In these circumstances, any change in the basic policy is best left to its author. *Mercurio* v. *Fascitelli, supra* at 516, 268 A.2d at 430. Almost four years have elapsed since that case was decided, and during that interval the Legislature has not announced any change in its policy.[5]

---

[4]At common law, a person who had been convicted of a felony was incompetent to testify. *State* v. *McGuire,* 15 R. I. 23, 22 A. 1118 (1885). That disqualification was removed by the Legislature at an early date. The pertinent statute, now G. L. 1956 (1969 Reenactment) §9-17-15, was enacted in its present form by C.P.A. 1905, §395, and reads as follows:

"No person shall be deemed an incompetent witness because of his conviction of any crime, or sentence to imprisonment therefor; but shall be admitted to testify like any other witness, except that conviction or sentence *for any crime or misdemeanor* may be shown to affect his credibility." (emphasis added)

[5]There are precedents available upon which the Legislature could have drawn, such as Rule 21 of the Uniform Rules of Evidence, which provides in part that "[e]vidence of the conviction of a witness for a crime not involving dishonesty or false statement shall be inadmissible for the purpose of impairing his credibility"; or Rule 609 of the Proposed Federal

The defendant's appeal is denied and dismissed, and the case is remitted to the Superior Court for further proceedings.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *R. Raymond Greco,* Special Asst. Attorney General, for plaintiff.

*Bevilacqua & Cicilline,* for defendant.

Rules of Evidence which permits evidence that a witness has been convicted only if the crime "(1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or (2) involved dishonesty or false statement regardless of the punishment."