405 A.2d 1181.

STATE *vs.* CHARLES A. BENNETT.

AUGUST 28, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

WEISBERGER. J. The defendant, Charles Bennett, was convicted by a jury in the Superior Court of rape, kidnapping, and assault with a dangerous weapon. He has appealed to this court from the judgment of conviction.

The sole argument offered by defendant is that the trial justice improperly refused to rule on an oral motion in limine made by defendant at the close of the state's case.[1] The defendant sought by means of this motion "to preclude the State from using certain convictions as an impeachment tool against this defendant should he decide to take the witness

---

[1] At oral argument the defendant waived arguments relating to the kidnapping charge. We therefore do not consider the issue. *Cooper Alloy Corp.* v. *E.B.V. Systems, Inc.*, 111 R.I. 756, 306 A.2d 837 (1973).

stand in this particular case." Two reasons were offered in support of the motion. First, defendant's counsel stated that defendant's criminal record began in 1945 and that defendant honestly could not remember if he was represented by counsel.[2] The second ground was that the convictions prior to 1953 were remote.

The trial justice stated, however, that he knew "of no part of the Rules of Criminal Procedure which provides for this kind of motion." The trial justice also stated that in his judgment defendant was seeking a preliminary ruling or advisory opinion as to how the court would rule on an objection to the admissibility of the convictions should defendant take the stand and be confronted with the prior convictions. The trial justice stated defendant was not entitled to a ruling until that time. Accordingly, the trial justice refused to entertain defendant's oral motion in limine.

While we have never specifically considered the propriety of the motion in limine, we believe that the trial justice had inherent power to rule on the motion. In this state, the scope of cross-examination is subject to control in the trial court's sound discretion. *State* v. *Eckhart*, 117 R.I. 431, 367 A.2d 1073 (1977); *State* v. *Mattatall*, 114 R.I. 568, 337 A.2d 229 (1975). Because one basic purpose of cross-examination is impeachment, there can be no fixed limit to the scope of that examination and the scope must be left to judicial discretion. *State* v. *Crescenzo*, 114 R.I. 242, 332 A.2d 421 (1975). This discretion should foster a search for the truth by giving reasonable latitude to the purpose of cross-examination while preserving a fair and orderly trial. *State* v. *Frazier*, 101 R.I. 156, 221 A.2d 468 (1966).

By statute in this state, no person is deemed an incompetent witness because of conviction of a crime but "conviction or sentence for any crime or misdemeanor may be shown to affect his credibility." G.L. 1956 (1969 Reenactment)

---

[2]The issue of the defendant's representation by counsel at his prior convictions was not briefed or argued. Accordingly, we deem the issue to have been waived. *Calcagno* v. *Calcagno*, 120 R.I. 723, 391 A.2d 79 (1978). We also observe that a positive showing of nonrepresentation is required to raise the issue. *State* v. *Palmigiano*, 112 R.I. 348, 309 A.2d 855 (1973).

§9-17-15. Admission of evidence of a conviction or sentence for impeachment purposes is generally mandatory under this section. We have held, however, that the trial justice has the discretion to exclude evidence of remote convictions offered to impeach a witness' credibility. In *State* v. *Lombardi,* 113 R.I. 206, 319 A.2d 346 (1974), we declined to adopt a balancing theory under which evidence of a prior conviction would be excluded in the trial justice's discretion when he determined that the prejudicial effect of such evidence outweighed the probative value. In so doing we stated that:

> "Here, we have over the years followed a practice which permits a witness to be impeached by evidence of a prior conviction irrespective of whether that conviction was for a crime involving 'moral turpitude' affecting credibility, or was likely to result in disproportionate prejudice. The sweep of our broad practice has, however, been somewhat narrowed by our insistence that the prior conviction not be too remote in time, and that at the time it is received in evidence the jury be instructed that its admission is for the sole purpose of impeaching credibility and is otherwise without probative value." *Id* at 208-09, 319 A.2d at 347.

The discretion to exclude evidence of remote convictions does not flow, however, from §9-17-15. In *Pedorella* v. *Hoffman,* 91 R.I. 487, 165 A.2d 721 (1960), we stated that there is no hard and fast rule requiring the trial justice to sustain an objection on the ground of remoteness to a question aimed at impeaching a witness by means of a prior conviction. We observed that §9-17-15 did not provide the basis for such an objection but stated that the better rule was to leave the matter to the sound discretion of the trial court. We also noted that the exercise of discretion was subject to review by this court only for abuse of discretion. For example, in *Mercurio* v. *Fascitelli,* 107 R.I. 511, 268 A.2d 427 (1970), we stated that the exclusion for remoteness of four convictions for violation of the motor vehicle code occurring less than 3 years before trial would be a clear abuse of discretion.

Thus, the discretion of a trial justice to exclude evidence of remote prior convictions is well established. The question is when that discretion may be exercised. In *State* v. *Lombardi, supra,* the trial justice denied a motion made by the defendant after the state had rested to prohibit the state from using a prior narcotics conviction for impeachment purposes. We stated in regard to this motion that:

> The state does not question the practice whereby defendant obtained an advance ruling on whether, if he took the stand, he could be impeached by his prior criminal record. While to our knowledge that procedure has not heretofore been followed in this state, it apparently has been used elsewhere. *United States* v. *Palumbo,* 401 F.2d 270 (2d Cir. 1968), *cert. denied,* 394 U.S. 947, 89 S. Ct. 1281, 22 L. Ed. 2d 480 (1969); *Barber* v. *United States,* 392 F.2d 517 (D.C. Cir. 1968); *see United States* v. *Stroud,* 474 F.2d 737, 739 (9th Cir.), *cert. denied,* 412 U.S. 930, 93 S. Ct. 2759, 37 L. Ed. 2d 157 (1973)." 113 R.I. at 207 n.2, 319 A.2d at 347 n.2.

The type of motion made by defendant in this case has been considered by a number of state and federal courts. Although the admissibility in federal courts of prior convictions for impeachment purposes is governed by the specific provisions of Fed. R. Evid. 609, the treatment accorded to the motion in limine in federal courts is instructive. *See generally* 3 Weinstein & Berger, *United States Rules,* ¶¶609[01] to 609[03b] (1978 ed.). For example, in *United States* v. *Oakes,* 565 F.2d 170 (1st Cir. 1977), the defendant was convicted of possession and transfer of an unregistered machine gun. The district court judge, however, refused to rule before the defendant's opening on whether the prosecution could use evidence of a prior manslaughter conviction to impeach the defendant's credibility. When the defendant took the stand, the trial court ruled that the evidence was admissible. On appeal, the Court of Appeals for the First Circuit stated that the admission of evidence of the prior conviction had not been an

abuse of discretion. The court also stated, however, that the trial court had the discretion to make an advance ruling on the admissibility of such evidence.

> "The fact that the rule [Fed. R. Evid. 609(a)] speaks of using the impeaching conviction during cross-examination does not, in our view, indicate any restriction on making an advance ruling so long as the court has enough information to make the mandated determination as to probative value. Indeed, while we emphasize that the timing is discretionary, we think a court should, when feasible, make reasonable efforts to accommodate a defendant by ruling in advance on the admissibility of a criminal record so that he can make an informed decision whether or not to testify. The court's ruling 'may have a significant impact on opening statements and the questioning of witnesses' [citation ommitted].

> \* \* \*

> "Having stressed the general desirability of giving a ruling on the admissibility of prior convictions in advance of actual testimony (whether during pre-trial proceedings, at the close of the Government's case, or before the defendant or other affected witness takes the stand), we nevertheless refrain from making this an inflexible rule." *Id.* at 171-72.

Similarly, in *United States* v. *Cavender,* 578 F.2d 528 (4th Cir. 1978), the defendant made a pretrial motion pursuant to Fed. R. Evid. 609(b) for an order protecting him from cross-examination with respect to convictions more than 10 years old. The motion was renewed at the conclusion of the government's case, but the trial judge again denied the motion. As a result the defendant chose not to testify. On appeal, the court held that the trial justice had abused his discretion in allowing the use of such evidence. The court also stated, however, that it was not improper for the defendant to move in advance of trial to obtain a ruling on the admissibility of prior convictions for impeachment. *But see United States* v. *Johnston,* 543 F.2d 55 (8th Cir. 1976) (defendant not entitled to ruling before taking stand).

The New York Court of Appeals faced the question in *People* v. *Sandoval,* 34 N.Y.2d 371, 314 N.E.2d 413, 357 N.Y.S.2d 849 (1974). In that case, immediately prior to the selection of the jury, the defendant's counsel made a motion to the trial court requesting the court in its discretion to prohibit the impeachment of the defendant by prior crimes and convictions if he decided to testify. The trial court permitted the use of certain crimes but excluded others. The court of appeals upheld these rulings and specifically considered the propriety of the motion. The court emphasized that the nature and extent of cross-examination were subject to the discretion of the trial judge. The court continued and stated that:

> "We now hold that in exercise of that discretion a Trial Judge may, as the Trial Judge in this case did, make an advance ruling as to the use by the prosecutor of prior convictions * * * for the purpose of impeaching a defendant's credibility. [citations omitted]
>
>    * * *
>
> "In most cases, as in this case, but not necessarily in all cases, a pretrial motion will be preferable. (Cf. *People* v. *Zabrocky,* 26 N.Y.2d 530, 535.) Thereby, the defendant with definitive advance knowledge of the scope of cross-examination as to prior conduct to which he will be subjected, can decide whether to take the witness stand. Revelation of the impeachment testimony and announcement of the trial court's ruling in advance of trial are consistent with the objectives today of broad pretrial discovery and disclosure." *Id.* at 374-75, 314 N.E.2d at 416-17, 357 N.Y.S.2d at 853-54.

The court in *People* v. *Hill,* 34 Ill. App. 3d 193, 339 N.E.2d 405 (1975) also considered the defendant's ability to obtain an advance ruling regarding the admissibility of prior convictions for impeachment purposes. There, prior to a second trial the defendant renewed a written motion filed before the first trial for an order excluding the use of the defendant's prior burglary conviction. The trial judge, however, refused to rule on the motion stating that the

proper time to make the motion was when an attempt was made by the state to introduce such evidence. The motion was never renewed and the defendant, who did not testify, was not therefore subject to impeachment. The court reviewed thoroughly the federal and state cases on the subject and stated that:

"In determining whether a prior conviction should be admitted for impeachment of a criminal defendant, the trial court might well need to see how the trial has progressed up to the point at which the defendant would take the stand. * * *

"To summarize, we recognize that in some cases it may be necessary for the trial court, on proper motion, to make a ruling on the use of a prior conviction before the beginning of the trial, especially where good reasons are shown that defense counsel's trial strategy will depend upon the ruling. However, under the circumstances of the instant case, in which defense counsel offered no such reasons, the refusal of the trial court to make the pretrial ruling was not error. Defendant could still have obtained an advance ruling on the matter by renewing his motion at some point during the trial." *Id.* at 206, 339 N.E.2d at 414-15.

In *People* v. *Jackson*, 391 Mich. 323, 217 N.W.2d 22 (1974), the defendant's lawyer, at the conclusion of the people's proofs, asked the judge to bar the use of the defendant's conviction record should he take the stand and testify in his own behalf. The judge responded that under the Michigan statute, which was effectively identical to §9-17-15, he had no choice but to allow the use of the evidence for impeachment purposes. The Michigan Supreme Court, however, concluded that:

"We are persuaded that a trial judge may in the exercise of discretion exclude reference to a prior conviction record, and that it is error to fail to recognize that he has such discretion and, therefore, to fail or to refuse to exercise it.

* * *

"The judge, thus, did not recognize that he enjoyed a discretion to exclude such evidence and, in refusing counsel's request, did not exercise his discretion to allow or disallow the use of such evidence. On remand, the trial judge shall, upon request, in the exercise of his discretion, decide whether to exclude any reference to Jackson's prior conviction record. *Id.* at 336, 217 N.W.2d at 26-27.

The California Court of Appeals also considered the issue in *People* v. *Delgado*, 32 Cal. App. 3d 242, 108 Cal. Rptr. 399 (1973).[3] There the trial court denied the defendant's pretrial motion to exclude the use by the prosecution of the defendant's prior convictions for impeachment purposes should the defendant decide to testify. By statute in California the trial court has a duty, upon timely request, to exclude evidence only when probative value is substantially outweighed by substantial danger of undue prejudice. The court of appeals ruled that the trial court had properly exercised discretion in denying the motion. In so doing, however, the court distilled the following procedure from federal cases:

"In the first place, since the trial court is in no position to make an informed determination prior to hearing the People's evidence, the time most appropriate for the motion to exclude evidence of prior convictions for impeachment purposes is at the close of the People's case in chief or thereafter before the defendant takes the stand to testify. [citations omitted] Secondly, the burden of showing the danger of undue prejudice and the need for defendant's testimony in the ascertainment of the truth is on the defendant. [citations omitted] Third, except, perhaps, where it is obvious what the defendant's testimony would be [* * *], in meeting this burden defendant should testify to his version of the

---

[3]The opinion in *People* v. *Delgado*, 32 Cal. App. 3d 242. 108 Cal. Rptr. 399 (1973), was disapproved in *People* v. *Rist*, 16 Cal. 3d 211, 545 P.2d 833, 127 Cal. Rptr. 457 (1976), for reasons immaterial to a consideration of the proper timing of a motion in limine.

facts in an *in camera* hearing or, in the alternative, make an offer of proof outside the presence of the jury summarizing what his testimony would be. * * *[T]he defendant cannot be compelled to give testimony in the *in camera* hearing, and should he do so, such testimony would not be admissible in evidence for any purpose except for impeachment should defendant ultimately elect to take the stand and testify. [citation omitted]

"In expressing approval of the procedures developed in the federal cases, we do not wish to be understood as saying that there is no case in which a pretrial motion and ruling would be appropriate. Neither do we mean to preclude the development of pretrial procedures that might serve the same purpose, to wit, giving the trial judge sufficient information upon which to make a reasoned determination. Manifestly, however, in the absence of some procedure by which the trial court can be fully informed as to the factors in the particular case bearing on 'probative value' and 'undue prejudice,' a pretrial ruling where the question is a close one is contraindicated." *Id.* at 252-53, 108 Cal. Rptr. at 407-08.

*See also State* v. *Martin,* 217 N.W.2d 536 (Iowa 1974); *Troxel* v. *Otto,* 153 Ind. App. 437, 287 N.E.2d 791 (1972). *But see State* v. *Ruzicka,* 89 Wash. 2d 217, 570 P.2d 1208 (1977) and *People* v. *Hubbard,* 184 Colo. 225, 519 P.2d 951 (1974) (trial justice does not have discretion to exclude evidence of prior convictions).

As the court in *United States* v. *Cavender, supra,* noted, some conflict exists in the state decisions. In those jurisdictions which recognize the motion, however, there is agreement that the motion and ruling must be made before the defendant testifies. *Cavender, supra.* We do not believe that it is appropriate to adopt a fixed rule regarding the use of motions in limine. Instead we feel the procedure is best left to the discretion of the trial justice.

As noted previously, the motion in limine is a procedural tool used to prevent prejudicial evidence from reaching the jury. The phrase "in limine" means "at the threshold." Black's Law Dictionary 896 (4th ed. 1968). However, several types of motions in limine may be utilized either before or during trial. *See generally* Davis, *Motions in Limine*, 15 Clev.—Mar. L. Rev. 255 (1966); Rothblatt, *The Motion in Limine [sic] in Criminal Trials: A Technique for the Pretrial Exclusion of Prejudicial Evidence*, 60 Ky. L. J. 611 (1972). Thus a defendant may seek an order which absolutely prohibits the prosecution from introducing or discussing a defendant's prior convictions. A defendant may also seek an order to prevent the prosecution from utilizing the prior conviction unless permission is granted by the court. Rothblatt, *supra* at 615-17. These motions may be made either before trial, *People* v. *Sandoval, supra,* or at the end of the prosecution's case. *People* v. *Delgado, supra.*

In the present case defendant moved at the end of the state's case to preclude the state from using certain convictions prior to 1953 as an impeachment tool should defendant decide to take the stand. We believe that the better rule would require the trial justice to respond to such a motion so long as he had before him all of the relevant information upon which a decision might be based. The trial justice in this instance, in the absence of any prior decision of this court regarding the propriety of a motion in limine, did not recognize that he had the power to pass upon the motion at that juncture.

We hold today that a criminal defendant may utilize the procedural device of a motion in limine for the exclusion of evidence or other procedural limitations which might significantly affect his decision to testify either prior to trial, at the close of the state's evidence or at other appropriate times in advance of taking the stand to testify.[4] This ruling

---

[4]Insofar as it may be relevant, this holding will apply for the benefit of the prosecution in a criminal case and also for the benefit of parties to civil actions.

shall be effective in respect to all cases which shall be tried from and after the date of this opinion. In accordance with our usual practice, defendant in this case shall also have the benefit of this holding. *Becker* v. *Beaudoin,* 106 R.I. 562, 261 A.2d 896 (1970); *Bishop* v. *Langlois,* 106 R.I. 56, 256 A.2d 20 (1969).

Consequently, the case shall be remanded for the limited purpose of allowing the trial justice to rule on the defendant's motion to exclude certain of his prior convictions on the ground of remoteness. After hearing the defendant's and prosecution's evidence and/or argument on this question, the trial justice shall determine whether in the exercise of his discretion he would have admitted or excluded certain of these prior convictions for impeachment purposes. If the trial justice determines the convictions were remote and, therefore, inadmissible for impeachment purposes, he shall, without the necessity of any further order from this court, order a new trial. If the trial justice decides that the challenged prior convictions would have been admissible, the conviction will stand, subject to the right of the defendant to prosecute an appeal from the ruling on admissibility in accordance with the rules of appellate procedure. *State* v. *Carufel,* 106 R.I. 739, 263 A.2d 686 (1970).

The defendant's appeal is sustained, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*Dennis J. Roberts II,* Attorney General, *Joel D. Landry,* Assistant Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *Barbara Hurst,* Chief Appellate Attorney, *John A. MacFadyen III, Nicholas Colangelo,* Assistant Public Defenders, for defendant.