**STATE**

v.

**Robert W. LARIVIERE.**

**No. 86–225–C.A.**

Supreme Court of Rhode Island.

June 25, 1987.

---

James E. O'Neil, Atty. Gen., Thomas Dickinson and Jane M. McSoley, Asst. Attys. Gen., Providence, for plaintiff.

William Reilly, Public Defender, Barbara Hurst and Janice M. Weisfeld, Asst. Public Defenders, Providence, for defendant.

## OPINION

FAY, Chief Justice.

In the matter before us, the defendant appeals from his conviction by a Superior Court jury of first- and second-degree sexual assault and child molestation. He contends that the trial justice erred in refusing to rule on his motion in limine that sought to determine which of his prior convictions the state would be permitted to use to impeach him should he decide to testify. We agree and sustain the defendant's appeal.[1]

On November 16, 1984, the defendant, Robert W. Lariviere (Lariviere), was charged with one count of first-degree sexual assault, one count of second-degree sexual assault, one count of first-degree child molestation, and one count of second-degree child molestation upon the person of a child under thirteen years of age, between the dates of January 1, and August

28, 1984. Prior to trial, defendant filed a motion in limine asking that the state be precluded from making reference to his prior criminal record. The criminal-record sheet that Lariviere obtained through discovery revealed convictions of a varied nature dating from the mid–1950s through the early 1960s and of two morals charges in late 1971. The trial justice put defendant's motion on "hold."

After the state completed its case, defendant again sought a ruling from the trial justice concerning whether the state would be permitted to use the convictions to impeach his credibility, arguing as a basis for their exclusion that they were not relevant. Voicing displeasure with the current practice of getting advance rulings on admissibility "in the abstract," the trial justice refused to rule on the motion, stating that he could not then know what the circumstances would be at the time the evidence was introduced at trial.

In *State v. Bennett*, 122 R.I. 276, 405 A.2d 1181 (1979), the defendant sought by a motion in limine to preclude the state from using certain convictions as an impeachment tool on the ground that they were too remote; the trial justice, finding no precedent for such a procedure, refused to entertain the motion. On review we established clearly that "a criminal defendant may utilize the procedural device of a motion in limine for the exclusion of evidence or other procedural limitations which might significantly affect his decision to testify either prior to trial, at the close of the state's evidence or at other appropriate times in advance of taking the stand to testify." 122 R.I. at 286, 405 A.2d at 1187. We further indicated that the trial justice would be required to respond to such a motion "so long as he had before him all of the relevant information upon which a decision might be based." *Id.*

Since the trial justice in *Bennett* was unaware of his inherent power to rule on the motion at the time it was made, we

---

**1.** The defendant also contends on appeal that the trial justice erred in admitting evidence of other criminal activity allegedly committed by him, where such evidence was not reasonably necessary to the state's case. Since we find the motion-in-limine question to be dispositive, we shall not address this issue.

remanded the case for the limited purpose of allowing the trial justice to determine whether he would have ruled that the prior convictions were too remote, and therefore inadmissible for impeachment purposes, or not too remote, and therefore admissible. *Id.* at 287, 405 A.2d at 1187. We thus implicitly held that a trial justice asked to rule on a motion in limine seeking to exclude prior convictions on the ground of remoteness has sufficient information at the time such a motion is brought to require him or her to rule upon it.

Although Lariviere questioned the relevance of the prior convictions in this case, he never specifically raised the issue of their remoteness to the trial justice. However, in this jurisdiction, remoteness is the sole basis upon which a trial justice can prohibit the use of a prior conviction of any crime or misdemeanor to impeach a witness's credibility. *State v. Pope,* 414 A.2d 781, 784 (R.I. 1980); G.L. 1956 (1985 Reenactment) § 9–17–15. *See also State v. Aptt,* 441 A.2d 824, 828 (R.I. 1982); *State v. O'Brien,* 122 R.I. 749, 755 n.6, 412 A.2d 231, 234 n.6 (1980); *State v. Bennett,* 122 R.I. at 279, 405 A.2d at 1183. Moreover, "[w]henever a party seeks to impeach a witness by evidence of a prior conviction, it is incumbent on the trial court, *sua sponte,* to consider whether the conviction is too remote in time to be of any present probative value." *State v. O'Brien,* 122 R.I. at 755, 412 A.2d at 235. By seeking a ruling on the use of his prior convictions to impeach him, therefore, Lariviere automatically raised the question of their remoteness; under *Bennett* the trial justice was required to rule on his motion.

The state contends that our more recent holding in *State v. Cruz,* 517 A.2d 237 (R.I. 1986), supports the trial justice's refusal to rule. In *Cruz* the state sought a ruling in advance of trial permitting the introduction of evidence concerning an alleged prior bad act of the defendant. *Id.* at 244. The trial justice found that he had no basis at the time the motion was brought for admitting such evidence since it was not relevant in any way to establishing motive, intent, scheme, or design in connection with the crime for which the defendant was indicted,

the only exceptions to the general inadmissibility of the prior bad acts of a defendant under *State v. Colangelo,* 55 R.I. 170, 179 A. 147 (1935). Nevertheless, the trial justice deferred ruling on the state's motion, noting that the evidence might become admissible during the course of trial, referring presumably to the proposition that if a defendant presents evidence of his good character, the prosecution can introduce evidence of his bad character. On appeal, we held that the trial justice had no choice but to act as he did since he did not have before him all the relevant information upon which a decision might be based. *Cruz,* 517 A.2d at 245.

By contrast here, the trial justice may well have had grounds to grant Lariviere's motion to exclude the evidence of his prior convictions at the time the motion was brought—the most recent of the convictions in question was fourteen years old—yet he never even addressed these grounds. He made no findings with regard to the remoteness of the prior convictions, told Lariviere's counsel to use his own professional judgment regarding what would or would not be admissible, and stated that conditions at trial would determine how he would rule. The prejudice to Lariviere as a result of the judge's arbitrary refusal to rule cannot be overstated; he was foreclosed from taking the stand in his own defense. Since, as is usual in child-molestation cases, he was virtually the only one available to tell his side of the story, it is reasonable to conclude that his inability to do so influenced the jury's verdict. It therefore cannot be said that the trial justice's error was harmless. *State v. Robalewski,* 418 A.2d 817, 824 (R.I. 1980). Accordingly, the trial justice's refusal to rule on the motion in limine merits reversal.

We do, however, recognize that circumstances during trial may make certain evidence probative that may not appear probative to a trial justice at the time a motion in limine is brought—even as regards remote prior convictions. *Cf. United States v. Babbitt,* 683 F.2d 21, 25 (1st Cir. 1982)(trial court did not err in admitting evidence of two remote arrests of defendants when it

was admitted only after defendant denied on direct examination that he had a police record). *See also Harris v. New York*, 401 U.S. 222, 91 S. Ct. 643, 28 L. Ed. 2d 1 (1971), and *Walder v. United States*, 347 U.S. 62, 74 S. Ct. 354, 98 L. Ed. 503 (1954), with regard to the admissibility of evidence ruled otherwise inadmissible to prove that the defendant perjured himself. However, our recent holding in *State v. Fernandes*, 526 A.2d 495 (R.I.1987), that the action taken on a motion in limine need not be considered a final determination with regard to the evidence referred to in the motion allows for the possibility that a trial justice may alter his or her determination should such circumstances arise. This possibility does not, however, relieve the trial justice of his or her responsibility to rule in advance when required to under *Bennett*, nor does it indicate that such a ruling can be ignored. *Id.* at 500.

For the reasons stated, the defendant's appeal is sustained, the judgment of conviction appealed from is vacated, and the case is remanded to the Superior Court for a new trial on all counts.