**STATE**

v.

**Sandra POWELL.**

No. 86–248–C.A.

Supreme Court of Rhode Island.

Nov. 17, 1987

James E. O'Neil, Atty. Gen., Thomas Dickinson, Asst. Atty. Gen., for plaintiff.

C. Leonard O'Brien, Jr., Providence, for defendant.

## OPINION

MURRAY, Justice.

This is an appeal by the defendant arising out of her conviction for murder in the second degree. The defendant assigns as error that the trial justice abused his discretion in admitting into evidence two 1963 convictions and in refusing to accept a proffered supplemental instruction. The defendant further asserts that the trial justice committed reversible error by invading the province of the jury, denying the defendant a fair trial. We affirm.

The defendant, Sandra Powell, admitted on the stand that she stabbed the victim, Viola Pires, to death during an altercation over who would retain possession of the majority of a quantity of cocaine that the two had purchased for $40 in connection with the celebration of Ms. Pires' eighteenth birthday.

The defendant interposed the defense of justification. According to Powell, Ms. Pires, who was a much larger woman, knocked her down and was attacking her with a bottle when the stabbing occurred. Powell claims that she acted in self-defense. The state notes that the bottle purportedly used in the attack was placed neatly on the table after Ms. Pires was fatally stabbed but before she expired.

The state and the defense differ about whether the victim's brother, Joaquim Pires, witnessed the stabbing. The defendant claims that he went into another room to "fix up" some cocaine for consumption. The state alleges that he was in the same room as defendant and the victim at the time the fatal blow was struck. He purportedly looked up and saw blood on his sister's shirt. According to Pires, defendant physically attacked his sister.

I

## ADMISSIBILITY OF PRIOR CONVICTIONS

At trial, defendant moved, in limine, to exclude two convictions for disorderly conduct, which resulted in fines of $5 and $10 respectively, twenty-two years earlier, on grounds of remoteness. The trial court justice denied the motion on the ground that the convictions were probative of "predisposition." He did not inquire about the specifics of the offenses. Defense counsel then introduced the convictions during direct examination. The prosecution at no time alluded to the prior convictions.

It is true that "evidence which in any way shows or tends to indicate that the accused has committed another crime independent of the crime for which he is being prosecuted, even though it was a crime of the same nature, is irrelevant and inadmissible." *State v. Colvin*, 425 A.2d 508, 511 (R.I. 1981). The general rule against "propensity" evidence is based upon our recognition that proof of other crimes creates "a real possibility that the generality of the jury's verdict will mask a finding of guilt that is based upon involvement with unrelated crimes rather than evidence offered to prove defendant's guilt of the crime charged." *Id.* (citing *State v. Jalette*, 119 R.I. 614, 624, 382 A.2d 526, 532 (1978)).

We note that evidence concerning prior criminal activity is admissible in a criminal prosecution if it tends to establish guilty knowledge, intent, motive, design, plan, or scheme or if it is offered to establish the identity of the accused or to rebut the defense of entrapment when it is raised by the accused. *State v. Colvin*, 425 A.2d at 511 (citing *U.S. v. Jones*, 476 F.2d 533, 536 (D.C. Cir. 1973); *State v. DeWolfe*, 121 R.I. 676, 683–84, 402 A.2d 740, 744 (1979); *State v. Colangelo*, 55 R.I. 170, 174, 179 A. 147, 149 (1935)); *State v. Jalette*, 119 R.I. at 624–25, 382 A.2d at 532.

The case at bar stands in direct contrast with *Colvin* and other cases cited by defendant, *State v. Pignolet*, 465 A.2d 176 (R.I. 1983) (in cases when sexual assault is charged, prosecutor may introduce evidence of prior uncharged criminal activity if reasonably necessary for state to meet its burden); *State v. Colangelo, supra,* in that here the defense counsel made a tactical decision to introduce the prior convictions during direct examination. The prosecutor at no time adverted to defendant's convictions. In *Colangelo* and *Pignolet* the state introduced prior uncharged criminal activity. *Colangelo* and *Pignolet* are simply inapposite. Where the jury is informed by the defense of the prior convictions and the same is in no way used or alluded to by the prosecution, the defense may not profit from its own tactical decision by later claiming reversible error in order to achieve a retrial.

The defense cites as reversible error that after defendant testified to her two prior convictions, the judge did not, sua sponte, instruct the jury that the convictions were to be considered as bearing only upon credibility, and not predisposition. Neither the prosecution nor the defense requested a limiting instruction. During his instructions to the jury the judge gave an appropriate instruction:

"Now, let me just complete the thought on evidence of previous convictions. The evidence that I have permitted here regarding previous convictions in the past of any witness is only relevant on the question of credibility. It has no probative force or value whatsoever as proof of the crime charged in this case. Which means that you can't take a previous conviction on the part of anyone and then say, well, that's evidence of the crime that's charged in this case. Keep in mind it's only here for purposes of affecting a witness's credibility."

This court has held that, whereas failure to give an immediate limiting instruction would ordinarily require a reversal of a defendant's conviction, when neither side requests such an instruction and the court later renders a proper limiting charge, the verdict may be upheld, absent prejudice. *State v. Pope,* 414 A.2d 781, 785 (R.I. 1980); *State v. O'Brien,* 122 R.I. 749, 756–57, 412 A.2d 231, 235 (1980).

The Rhode Island General Assembly has provided that evidence of a prior conviction is admissible as bearing upon the credibility of a witness. G.L. 1956 (1985 Reenactment) § 9–17–15.[1] This court limits the admissibility of prior convictions based upon remoteness. *State v. Pope,* 414 A.2d at 784.[2] The question whether a conviction is too remote to be admissible as bearing upon credibility is left to the sound discretion of the trial justice. His decision in this area will be reviewed only for abuse of discretion. See *State v. Pope,* 414 A.2d at 785; *Pedorella v. Hoffman,* 91 R.I. 487, 492, 165 A.2d 721, 724 (1960).

Even though defendant's prior convictions were placed before the jury by the defense, we consider, arguendo, whether admission of said convictions constituted reversible error. The two convictions allowed into evidence by the trial justice were twenty-two years old. The record reflects no intervening criminal convictions to date. In view of the fact that defendant's convictions occurred in 1963, when she was nineteen years old, we assume, without deciding, that admission of the convictions was in error. Our inquiry is not at an end, however, for we may still find that the error, if it be such, was not prejudicial. We must examine the record to determine

[1]. General Laws 1956 (1985 Reenactment) § 9–17–15 provides:

"Effect of conviction for crime.—No person shall be deemed an incompetent witness because of his conviction of any crime, or sentence to imprisonment therefor; but shall be admitted to testify like any other witness, except that conviction or sentence for any crime or misdemeanor may be shown to affect his credibility."

[2]. During the 1987 legislative session, the General Assembly provided a procedural mechanism, not applicable here, for determining the remoteness of prior convictions. The party opposing the use of convictions more than ten years old must be afforded "a fair opportunity to contest the use of such evidence." R.I.R.Evid. 609(b).

the probable impact of the evidence and whether the ultimate outcome of the trial was affected. *State v. Santos,* 122 R.I. 799, 822, 413 A.2d 58, 71 (1980) (citing *State v. Roderick,* 121 R.I. 896, 900–01, 403 A.2d 1090, 1092 (1979); *State v. Bower,* 109 R.I. 198, 203–04, 283 A.2d 39, 41 (1971)). "[I]f the admission of the evidence 'neither distracted the jury's attention from, nor influenced its decision on the ultimate issue of the defendant's guilt,' the error in admitting it was harmless." 122 R.I. at 822, 413 A.2d at 71 (quoting *State v. Andrews,* 120 R.I. 771, 779, 390 A.2d 926, 931 (1978)).

At the conclusion of defendant's direct examination the following interchange took place between defendant and her attorney:

"Q. Sandra, on August 20, 1963, were you convicted of disorderly conduct and fined $10.00?

"A. Yes I was.

"Q. And then on October 31, 1963, were you found guilty of disorderly conduct and fined $5.00?

"A. Yes I was."

The convictions offered into evidence were never described by the defense nor inquired into by the state. The colloquy was brief. The offenses were not of such a repugnant character as to cause the jury to convict predicated upon defendant's prior bad acts. On the other hand, the jury had before it defendant's own testimony that she engaged in a cocaine transaction and, in the course thereof, stabbed an eighteen-year-old girl to death. The jury weighed the testimony of the victim's brother against that of defendant regarding the circumstances under which Ms. Pires was fatally stabbed, and chose to believe that of her brother. Where, as here, the prior convictions are unlikely to elicit a prejudicial reaction from the jury, and the remaining evidence gives rise to a strong inference of guilt, we decline to disturb the conviction.

## II

### REFUSAL TO GIVE A PROFFERED SUPPLEMENTAL INSTRUCTION TO THE JURY

■ The defense assigned reversible error to the refusal by the trial court to adopt a proposed charge to the jury with regard to the Criminal Injuries Compensation Act, G.L. 1956 (1981 Reenactment) chapter 25 of title 12. The defense wished to have the court instruct the jury that "[i]f it is determined that the victim contributed to his [*sic*] injury or death and that the person causing such injuring or death acted excusably, for example, acted in self-defense then the claim will not be allowed." The defense further requested that the court instruct the jury that it "may take into consideration any bias that [Mr. Pires] may have due to his interest to sue the State."

The charge submitted by the defense contained material misstatements of the applicable law. The proposed instruction erroneously stated that the witness had a pecuniary interest in a contemplated suit to be filed by the victim's family. Counsel for the defense conceded that the victim's parents would recover in the event the suit was successful, not the witness. The proposed instruction also erroneously stated that in the event defendant was found to have acted excusably, that is in self-defense, the claim would be disallowed. The statute allows the court to consider the behavior of the victim in determining whether to award compensation, § 12–25–3(d), but it does not act as a complete bar in cases involving self-defense.

The instruction actually given allowed the jury "to consider whether or not a witness has an interest in the final outcome of this case. [T]here has been testimony here regarding the witness, Mr. Pires, and his possible indications or his intentions about suing the State or something of that nature; and you may take that into account depending upon how you view and evaluate all of the evidence." Arguably, the court could have further underscored Mr. Pires' possible motivation to lie. However, the charge as given, was an accurate statement of the law. The court properly declined to read the jury an inaccurate charge. *Fox v. Allstate Insurance Co.,* 425 A.2d 903, 906 (R.I. 1981) (trial justice properly refused charge to jury where instruction related to point of law inapplica-

**534**

ble to facts in evidence). Thus we decline to hold that the trial justice's failure to submit to the jury the proffered supplemental instruction constituted reversible error.

█ The defendant asserts that the trial justice, by his conduct, invaded the province of the jury and denied the defendant a fair trial. We have carefully examined the record and find that the defendant has not preserved this issue for review by the court. We hold that "a matter may not be raised on appeal which was not initially presented and articulated in the trial court." *State v. McMaugh*, 512 A.2d 824, 829 (R.I. 1986) (quoting *State v. Fogarty*, 433 A.2d 972, 974 (R.I. 1981)). We have considered the defendant's other objections and find them to be without merit.

The defendant's appeal is denied and dismissed, and the judgment of conviction entered in the Superior Court is affirmed.