STATE

v.

**Randolph COOPER.**

No. 91–519–C.A.

Supreme Court of Rhode Island.

May 11, 1992.

James E. O'Neil, Atty. Gen., Angela B. Ferrucci, Sp. Asst. Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Paula Rosin, and Barbara Hurst, Asst. Public Defenders, for defendant.

OPINION

PER CURIAM.

This case comes before us on the defendant's appeal from a judgment of conviction of breaking and entering in the daytime with intent to commit larceny. The parties appeared on April 10, 1992, for oral argument pursuant to an order that had directed them to appear and show cause why the issues raised in this appeal should not be summarily decided.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that the trial justice erred in overruling an objection to a statement made by counsel for the prosecution suggesting, in the following language, "as Mr. Capraro [defense counsel] points out, you are a convicted felon." This statement was made in the form of a question on cross-examination after defense counsel had elicited from defendant on direct exam-

ination that in November of 1988 he pled nolo contendere and received a three-year suspended sentence for possession of a stolen car and a one-year suspended sentence for eluding a police officer.

After permitting this statement to be made and overruling an objection thereto, the trial justice failed to instruct the jury that the prior convictions could not be used as evidence of the fact that defendant was guilty of the crime with which he was charged. This obligation has been recognized in *State v. Lariviere,* 527 A.2d 648 (R.I.1987) and *State v. O'Brien,* 122 R.I. 749, 412 A.2d 231 (1980). In the foregoing cases we held that it is the obligation of the trial justice sua sponte to give an immediate instruction limiting the evidentiary value of prior convictions. We went on to recognize in *O'Brien* and later in *State v. Powell,* 533 A.2d 530 (R.I.1987) an exception to the general rule that failure to give an immediate limiting instruction would ordinarily require reversal. This exception would be recognized in the event that neither side requests such an immediate limiting instruction when the judge in his principal charge admonishes the jury of the limited use which may be made of such prior convictions to the issue of credibility only and not as evidence of guilt of the crime with which the defendant is charged.

However, in the case at bar an examination of the charge to the jury given at the close of the evidence discloses that no such limiting instruction was given.

Consequently the defendant's appeal is sustained, the judgment of conviction is vacated, and the case is remanded to the Superior Court for a new trial.