STATE

v.

Rafael MEDINA.

No. 97–408–C.A.

Supreme Court of Rhode Island.

March 10, 2000.

Annie Goldberg, Aaron L. Weisman, Providence, for plaintiff.

Catherine A. Gibran, Kelly Monteiro, Paula Rosin, Providence, for defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

FLANDERS, Justice.

Convicted of second-degree murder for stabbing to death one of the participants in a street brawl, the defendant, Rafael Medina (Medina), claims the trial justice committed reversible errors when he (1) denied his new trial motion, (2) refused to bar the prosecution from using his prior drug conviction for impeachment purposes (and then failed to issue an immediate limiting instruction to the jury), and (3) sustained the prosecution's objection to his lawyer's attempted cross-examination of an eyewitness to the stabbing concerning the witness' alleged consumption of alcoholic beverages earlier on that same day. For the reasons pointed out below, we reject these contentions and affirm the conviction.

### I

### Denial of the New Trial Motion

Our standard for reviewing a trial justice's denial of a motion for a new trial is extremely deferential. Provided the trial justice has properly performed the requisite analysis, *see State v. Banach,* 648 A.2d 1363, 1367 (R.I.1994), the ruling on a new trial motion "will be disturbed only if the trial justice has overlooked or misconceived material evidence relating to a critical issue or if the justice was otherwise clearly wrong." *Id.* (citing *State v. Robbio,* 526 A.2d 509, 513 (R.I.1987)); *see also State v. Caruolo,* 524 A.2d 575, 585 (R.I.1987). Medina asserts that, in denying his new trial motion, the trial justice failed to articulate sufficiently the facts upon which he relied in accepting the version of events testified to by the prosecution's witnesses over the conflicting versions offered by Medina and his witnesses. But by expressly relying upon the testimony of certain named witnesses for the state, the trial justice, we conclude, was communicating that he accepted their testimony as the most credible among those witnesses who testified at the trial about whether Medina had stabbed the victim in the back. Even though he never mentioned specifically that he found these witnesses' testimony to be "credible," the trial justice explicitly selected and accepted their version of what happened over that of others who testified to contrary factual circumstances. This was sufficient, we hold, to satisfy the second prong of the requisite factual analysis that the trial justice must perform in passing on a new trial motion. *See Banach,* 648 A.2d at 1367. As we have previously stated, "[i]n providing a rationale for a decision [on a new trial motion] * * * the trial justice need not refer to all the evidence supporting the decision but need only cite evidence sufficient to allow this court to discern whether the justice has applied the appropriate standards." *Id.* (citing *State v. Barnes,* 122 R.I. 451, 458, 409 A.2d 988, 992 (1979)). Because the trial justice correctly referred to the standards he was bound to apply in ruling on this motion and then cited sufficient evidence to allow us to conclude that he duly applied these standards, we are satisfied that the trial justice properly discharged his office in denying Medina's new trial motion.

### II

### Use of Defendant's Prior Conviction

We are also persuaded that the trial justice did not abuse his discretion in denying Medina's in-limine motion to bar the prosecution during its cross-examination of Medina from introducing his prior conviction for possessing cocaine with intent to distribute. Under Rule 609(b) of the Rhode Island Rules of Evidence, any conviction can be used for impeachment purposes unless the court determines that

its prejudicial effect substantially outweighs its probative value. In contrast to Rule 609 of the Federal Rules of Evidence, our Rule 609 provides that the prior conviction need not involve dishonesty, false statement, or a felony to be admissible. *See State v. O'Brien*, 122 R.I. 749, 754, 412 A.2d 231, 234 (1980). Recently, we have affirmed discretionary rulings by trial justices who have allowed the use of such convictions for impeachment purposes. *See State v. Rodriquez*, 731 A.2d 726, 731–32 (R.I.1999) (admitting evidence of five convictions, including four assaults, one with intent to commit murder with a sharp instrument, because they were not substantially outweighed by their prejudicial effect); *State v. Martinez*, 652 A.2d 958, 960 (R.I.1995) (admitting evidence of six convictions, including two drug-related crimes and two violent crimes for the same reason).

■■■ Further, we hold that the trial justice did not commit reversible error in refusing to give an immediate limiting instruction to the jury when Medina's own lawyer elicited the existence of his prior drug-possession conviction during Medina's direct examination. Because Medina's lawyer did not introduce this evidence for impeachment purposes, no such instruction was required at that time. *See* Rule 609(a). And by failing to object or to request any limiting instruction when the prosecution further inquired into this issue during its cross-examination of Medina, Medina waived any objection he may have had to the trial justice's failure to issue an immediate limiting instruction at that time.

In *State v. Powell*, 533 A.2d 530, 532 (R.I.1987), we recognized an exception to the general rule that an immediate limiting instruction should be given whenever an attorney elicits evidence of a prior conviction from a witness. In *Powell*, the defendant testified on direct examination to two prior convictions. The court failed to give, sua sponte, an immediate limiting instruction. *Id.* At the same time, however, neither the prosecution nor the defense

requested such an instruction. Ultimately, the trial justice properly instructed the jury on this point at the close of the case. *Id.* We held that "whereas failure to give an immediate limiting instruction would ordinarily require a reversal of a defendant's conviction, when neither side requests such an instruction and the court later renders a proper limiting charge, the verdict may be upheld, absent prejudice." *Id.* (citing *State v. Pope*, 414 A.2d 781, 785 (R.I.1980); *O'Brien*, 122 R.I. at 756–57, 412 A.2d at 235).

■■■ Here, the trial justice should have provided the jury with an immediate limiting instruction, sua sponte, when the state impeached defendant with his prior conviction. However, given that the trial justice properly charged the jury on this issue at the close of the case, and given that he was under no obligation to do so when defendant's own lawyer questioned him about his prior conviction during defendant's direct examination, we hold that he did not commit *reversible* error by failing to give such a limiting instruction, sua sponte, when the state cross-examined defendant about his prior conviction without defendant's raising a timely and specific objection concerning the trial justice's failure to do so.

### III

### Cross–Examination Concerning A Witness' Alleged Consumption of Alcoholic Beverages

■■ Finally, Medina has waived any right to challenge the court's sustaining of the prosecution's objection to one of his attempted cross-examination questions. Medina's lawyer questioned one of the eyewitnesses to the stabbing about his alleged consumption of alcoholic beverages earlier on the day in question. After the court sustained the state's objection, the defendant failed to make any offer of proof, failed to articulate any reason the court should reconsider its ruling, failed to argue why the rule of *Handy v. Geary*, 105 R.I.

419, 252 A.2d 435 (1969), as it has been applied to criminal cases in *State v. Amaral*, 109 R.I. 379, 387–88, 285 A.2d 783, 787 (1972), should not be followed in this case, and failed to request any voir dire of this witness outside the presence of the jury. As a result, he cannot now argue on appeal for the first time that the trial justice committed reversible error by sustaining the state's objection to the one question he posed to this witness concerning his alleged consumption of alcoholic beverages earlier on the day in question. *See State v. Bettencourt*, 723 A.2d 1101, 1107 (R.I. 1999); *State v. Toole*, 640 A.2d 965, 972 (R.I.1994) ("holding that allegations of error committed at trial are considered waived if they were not effectively raised at trial, despite their articulation at the appellate level").

### Conclusion

For these reasons, we affirm the defendant's conviction and deny his appeal.