### STATE
### v.
### Frank JOHNSON.
### No. 99–474–C.A.

Supreme Court of Rhode Island.

Nov. 21, 2001.

Roger R. Demers, Aaron L. Weisman, Providence, for Plaintiff.

Catherine A. Gilbran, Paula Rosin, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This is a case involving the constructive possession of a controlled substance and the sufficiency of the evidence to support a conviction for possession of that substance with intent to deliver. While executing a search warrant at 10 p.m. on March 26, 1998, at the Providence apartment of the defendant, Frank Johnson, the police seized a clear plastic bag from the top of a dresser in the defendant's bedroom. It contained what later testing confirmed to be crack cocaine. At the time of the search and seizure, the defendant was a seventy-year-old man living alone in the apartment. He appeals to this Court from a Superior Court conviction for possession

of a controlled substance with intent to deliver. After a prebriefing conference, a single justice of this Court ordered the parties to show cause why the issues raised should not be summarily decided. Upon reviewing their written submissions and considering their oral arguments, we conclude that they have failed to show cause, that the appeal can be decided at this time, and that the trial justice did not err in denying the defense motions for judgment of acquittal and for a new trial. Sufficient evidence existed to infer that the defendant knew about the presence of drugs in his apartment, exercised control over them, and intended to deliver the drugs to others.

Upon entering the apartment to execute the search warrant, the police observed three people in the living room area: one woman and two men. No one else was present in the apartment, including defendant. The police proceeded to search the bedroom, where they found 2.8 grams of crack cocaine in a clear plastic bag on the top of a dresser with a box of sandwich bags and a batch of "cutoffs," or sandwich bags with the corners removed. According to one of the detectives, crack cocaine is usually packaged in small corners cut off from plastic sandwich bags. The police also found several pieces of paper on top of the dresser in the bedroom. They concluded that these papers constituted a crude form of a "ledger" containing names of drug customers and the amounts owed for drugs purchased. The police, however, found no evidence during their search of drug use at this site, such as pipes or other paraphernalia.

On appeal, defendant contends that there was insufficient evidence introduced at trial to show that he possessed the drugs that were seized or that he intended to sell them. Although he moved for a judgment of acquittal at the close of the

state's case and again at the close of all the evidence, the trial justice denied the motion on both occasions. Consequently, defendant contends the trial justice committed reversible error.

## Denial of Motion for Judgment of Acquittal

■■■■ In deciding a motion for judgment of acquittal, a trial justice "must determine whether the evidence offered by the state is capable of generating proof of guilt beyond a reasonable doubt." *State v. LaRoche*, 683 A.2d 989, 995 (R.I.1996) (quoting *State v. Harnois*, 638 A.2d 532, 536 (R.I.1994)). The trial justice views the evidence in the light most favorable to the state, without weighing evidence or evaluating the credibility of witnesses. *Id.* All reasonable inferences must be drawn in favor of the state. *Id.* If the evidence is sufficient to support proof of guilt beyond a reasonable doubt, the motion must be denied. *Id.* On review, this Court applies the same standard as the trial justice. *Id.*

■■■■ Because defendant was not in actual possession of the drugs at the time of seizure, the state must show that he was in constructive possession. *See State v. Jenison*, 442 A.2d 866, 875 (R.I.1982). To show constructive possession of an illegal substance, the state must show that defendant had knowledge of the presence of the item and that he or she intended to exercise control over it. *In re Vannarith D.*, 731 A.2d 685, 689 (R.I.1999). Here, the trial justice noted that the drugs were found in defendant's bedroom, which was separate from the room in which the other three people had gathered. He determined that defendant could be found to be in constructive possession of everything on top of the dresser in his bedroom, a room the trial justice characterized as "very private."

The defendant argues that any one of the three other people who were present in the apartment that night could have placed the packet of cocaine on his dresser in his bedroom.[1] But the police testified that they observed no evidence of drugs or drug use by any of the people who were present during the search. They also testified that, other than the detectives, no one else was in the bedroom when they conducted the search.

Under these circumstances, we hold, the presence of cocaine on the dresser in defendant's bedroom, together with the other indicia of a drug-delivery operation that the police discovered on the premises, were sufficient to support a finding that defendant, who was the only person residing there, was in constructive possession of the cocaine and exercised control over it as the only tenant of the premises. In *State v. Williams,* 656 A.2d 975 (R.I.1995), the defendant was not at home when police searched his residence and discovered illegal substances. Based upon the evidence that defendant was living at the premises searched and that illegal substances were found there, the Court stated that "the evidence clearly supports a finding that defendant possessed and had control over the marijuana." *Id.* at 978. The defendant seems to argue that because no other indicia of drug use or illegal activities were discovered in his apartment, the seizure of the cocaine alone was not sufficient to support a finding of constructive possession. In *State v. Hernandez,* 641 A.2d 62 (R.I.1994), the Court determined that defendant did not have exclusive possession of the premises upon which the drugs were discovered. Under these circumstances, the Court concluded, it was necessary to look to additional factors to prove that the

defendant knew of the presence of the item and intended to exercise control over it. *Id.* at 70–71. In this case, however, defendant acknowledged that he lived alone in the apartment. In light of his exclusive possession of the premises, and the fact that the cocaine was found in his bedroom, a "very private" area of the home, we conclude that the trial justice was correct in finding sufficient evidence to show that defendant was in constructive possession of the illegal substance.

■ The defendant next argues that there was insufficient evidence that he intended to deliver the cocaine. The trial justice concluded that an intent to deliver could be inferred from the "ledger;" that is, the documents the police found on the dresser in the bedroom that contained entries consistent with a record of drug transactions. Also, we note that the police found no other drug paraphernalia in the apartment, suggesting that defendant did not intend to consume the drugs himself.

The defendant points out that the relatively small amount of cocaine seized, 2.8 grams, was consistent with personal use— if not his, then that of his friends. Without other evidence, defendant argues, the presence of this small amount was inconsistent with an intent to deliver. In support of this argument, defendant cites *State v. Eiseman,* 461 A.2d 369 (R.I.1983), in which the Court determined that the evidence presented did not support a finding that defendant intended to deliver the substances seized. In *Eiseman,* the defendant was in possession of 34.5 grams of cocaine, yielding a street value of $4,140. There, the defendant possessed no paraphernalia with which to cut the cocaine or

---

1. In his prebriefing statement, defendant indicated that he and the three people in his apartment that night were "temporarily residing together." The defendant testified at trial, however, that he lived alone, that his visitors arrived between 7 and 8 p.m., and that the apartment was empty when he returned home at 11 p.m.

to prepare it for delivery. In addition, the state presented no evidence concerning the amount of cocaine that one individual could reasonably consume. This Court concluded that the evidence presented was insufficient to show that defendant intended to sell the cocaine.

The defendant contends that this case is more compelling than *Eiseman* because the amount of cocaine seized from defendant's apartment is considerably less than that which was found in Eiseman's possession. But even this relatively small amount would be sufficient to yield multiple individual portions of the drug at 0.3 grams per portion. Other evidence existed, moreover, to show that defendant intended to deliver the cocaine. Most significant was the documentary material that was seized from defendant's dresser, consisting of lists of names along with various amounts of money next to them. The defendant testified that these lists referred to the scores of card games; but he was unable to remember the name of the card game. Viewing this evidence in the light most favorable to the state, a reasonable inference could be drawn that these lists did not represent the scores of card games. The numbers listed were in increments of five or ten and some contained decimal points after the numbers, suggesting that they represented dollar amounts. The "cutoffs" seized from defendant's bedroom also provided additional evidence of defendant's intent to deliver. The evidence showed that crack cocaine was frequently packaged in small corners of plastic bags, consistent with the "cutoffs" seized in defendant's bedroom. Also, the police did not find any crack pipes in the apartment at the time of the search— despite evidence that crack-cocaine users

ingest that drug by means of a homemade pipe. We hold that the trial justice correctly found that the evidence presented was sufficient to support a charge of possession of cocaine with intent to deliver.[2]

### Denial of New Trial Motion

 The final challenge raised by defendant in this appeal concerns the denial of his new-trial motion. In passing on a motion for a new trial, a trial justice sits as a super juror and must independently evaluate the weight of the evidence and the credibility of the witnesses. *State v. Brezinski*, 731 A.2d 711, 716 (R.I.1999). If the trial justice reaches a different conclusion from that of the jury, he must then consider whether the evidence is so evenly balanced that reasonable minds might fairly reach differing conclusions. If so, the trial justice should deny the motion for a new trial. *Id.* On appeal, this Court's review of a denial of a new-trial motion is extremely deferential. *State v. Medina*, 747 A.2d 448, 449 (R.I.2000). We will not overturn the trial justice's decision unless he or she has overlooked or misconceived material evidence relating to a critical issue or if the trial justice was otherwise clearly wrong. *Id.*

In this case, defendant alleges that there were many inconsistencies in the state's case. For example, defendant notes that the first detective to search the dresser area did not observe the bag of cocaine, while the other detective said that it was in plain view. That detective placed the evidence seized in his pocket rather than placing it with the other evidence he had seized. The defendant argues that the alleged drug ledger actually listed defendant's own name in addition to several others, refuting the notion that the list

---

**2.** This conclusion also finds further support in the recent case of *State v. Reed*, 764 A.2d 144 (R.I.2001), in which this Court held that there

was probable cause to support a charge of possession of cocaine with intent to deliver.

represented people owing defendant drug money. The defendant also testified that his door was damaged when he returned home on the night the search warrant was executed, whereas the detectives testified that force was not needed to gain entry to the apartment.

Although the trial justice did not address each of these discrepancies, he conducted an otherwise thorough review of the evidence. The defendant filed no motion to suppress the evidence as illegally seized. Nevertheless, the trial justice rejected the defendant's insinuation that the detectives had planted the drugs in his bedroom. The court also rejected any suggestion that the cocaine belonged to one of the defendant's visitors that evening. He determined that the defendant's explanation for the ledger was a "blatantly obvious untruth." Although other innocent explanations could have been offered to account for this list of names and numbers, the trial justice emphasized that the defendant never suggested other alternatives except for the incredible notion that it was a tally sheet for a card game that he could not identify. Although the court seemed to acknowledge that the evidence in this case was not overwhelming and that it may not have been easily persuaded that the defendant was guilty of possession with intent to deliver, the trial justice still concluded, however, that: "the jury reached the right conclusion even if I might not have at first brush [*sic*]." Further, he determined that the verdict "does substantial justice here."

### Conclusion

We are of the opinion that the trial justice fulfilled his duty in ruling on the motions for a new trial and for judgment of acquittal. Consequently his decisions will not be disturbed. Thus, we deny the defendant's appeal and affirm the judgment of conviction.