STATE

v.

Michael ROCHA.

No. 2002–0402–C.A.

Supreme Court of Rhode Island.

Nov. 19, 2003.

Aaron L. Weisman, Providence, for Plaintiff.

Catherine Gibran, Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY, and SUTTELL, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on September 22, 2003, pursuant to an order directing all parties to appear and show cause why the issues raised on this appeal should not summarily be decided. After considering the arguments of counsel and the memoranda filed by the parties, we are of the opinion that cause has not been shown, and shall proceed to decide the matter at this time.

The defendant, Michael Rocha (Rocha or defendant), appeals from a Superior Court judgment of conviction on four separate offenses and seeks a new trial based on the trial justice's rulings on the admissibility of two of defendant's previous criminal contacts. For the reasons set forth herein,

we affirm the judgment of the Superior Court.

On August 6, 2000, Rocha was arrested during an incident with the Central Falls police. The police, sent to a Central Falls apartment based on reports of a disturbance involving a knife, approached and searched Rocha's cousin, John Azevedo. Rocha attempted to intervene in Azevedo's impending arrest and was himself arrested after engaging in a physical altercation with the officers. After transporting Rocha to the station, police discovered a small plastic bag, later confirmed to be crack cocaine, under the rear seat of the police cruiser where Rocha had been seated. He was charged with possession of cocaine, disorderly conduct, obstruction of a police officer, and resisting arrest. Rocha subsequently was found guilty by a jury on all four counts, and concurrent sentences with a total of one year to serve and a three-year suspended probationary term was imposed.

After the arrest in Central Falls on August 6, 2000, but before trial on the charges stemming from that incident, defendant was twice arrested, once for obstruction of a police officer because he gave a false name to a Lincoln police officer during a traffic stop, and a second time for disorderly conduct, resisting arrest, and simple assault on a Pawtucket police officer. With respect to the Lincoln arrest, Rocha pled nolo contendere to obstruction of a police officer and received a one-year suspended sentence with probation. As to the Pawtucket arrest, Rocha pled nolo contendere to simple assault and disorderly conduct which resulted in a filing of the charges for one year pursuant to G.L.1956 § 12–10–12.[1]

Before the trial began in the matter presently before us, defendant made two motions *in limine* in which he sought to preclude the state or its witnesses from referring to any records, reports or circumstances surrounding these subsequent contacts with law enforcement. After a hearing on the motion, the trial justice made a ruling on what offenses would be precluded from trial for purposes of impeaching defendant pursuant to Rule 609 of the Rhode Island Rules of Evidence.[2] He effectively granted defendant's motion concerning the Pawtucket offenses by stating that defendant's Pawtucket contacts "obviously cannot be used for impeachment purposes." This ruling was in accord with the prosecutor's statement that she would not use the Pawtucket offenses for purposes of a Rule 609 impeachment if defendant took the stand because defendant's nolo filing would not be considered a conviction, and because it did not concern defendant's propensity for truthfulness. Concerning the Lincoln offense, however, the trial justice ruled that he would allow

1. Charges against Rocha for resisting arrest were dismissed.

2. Rule 609 of the Rhode Island Rules of Evidence provides in pertinent part:
 "**Impeachment by evidence of conviction of crime.**—(a) *General Rule.* For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record. 'Convicted of a crime' includes (1) pleas of guilty, (2) pleas of nolo contendere followed by a sentence (i.e. fine

or imprisonment), whether or not suspended and (3) adjudications of guilt.
 (b) *Discretion.* Evidence of a conviction under this rule is not admissible if the court determines that its prejudicial effect substantially outweighs the probative value of the conviction. * * * [I]f the conviction is for a misdemeanor not involving dishonesty or false statement, the proponent of such evidence shall make an offer of proof out of the hearing of the jury so that the adverse party shall have a fair opportunity to contest the use of such evidence."

defendant's credibility to be impeached under Rule 609 with this conviction. The trial justice explained that, although on its face the obstruction of a police officer does not appear to be a crime of dishonesty or false statement, the underlying offense was giving a false name to a police officer. Hence, the trial justice used his discretion and determined that such offense would be admissible for impeaching defendant's credibility because its probative value would far outweigh any potential prejudicial effect from allowing the jury to hear about defendant's prior conviction.

At the same hearing on the motion *in limine*, the trial justice separately and distinctly addressed the issue of whether defendant's prior obstruction conviction would be admissible in the state's cross-examination of defendant's witnesses under Rule 404 of the Rhode Island Rules of Evidence.[3] Specifically, he said:

"[A]s far as the use of this offense of obstructing a police officer, so-called 404(b) evidence, I'm not going to rule at

this time and we'll see what the defendant intends to offer in his case in chief. However, I must say if in fact this [defense] witness * * * testifies, * * * that that [obstruction offense] may very well be admissible. But the court is not ruling on it at this time. I'll reserve that."

Although not specifically stated, the trial justice obviously deferred his Rule 404 ruling for both the Lincoln and Pawtucket criminal incidents.

The defendant renewed his motion at the close of the state's case, seeking an advance ruling on whether the state would be allowed to cross-examine defendant's witnesses about defendant's subsequent arrests.[4] To support his motion, defendant made an offer of proof as to the expected testimony of the defense witnesses. The trial justice denied the motion, reasoning that defendant's concerns could not be addressed until the defense witnesses had testified on direct examination. Only then would it become apparent whether the state would be entitled to

---

**3.** At the hearing on the motion *in limine*, the trial justice and the parties referred to the applicable section of Rule 404 of the Rhode Island Rules of Evidence as "Rule 404(b)." On appeal, the state refers to the rule as "Rule 404(a)." Although used somewhat interchangeably, the argument on appeal appears to be based on the issue of whether defendant's prior offenses could have been used to impeach his character as provided for in Rule 404(a)(1). The use of Rule 404(b) evidence was no longer at issue once it became apparent that the state in its case in chief did not use defendant's prior offenses for this purpose.

The relevant portions of Rule 404 read as follows:

"**Character evidence not admissible to prove conduct; exceptions; other crimes. -**

"(a) *Character Evidence Generally.* Evidence of a person's character or a trait of the person's character is not admissible for the purpose of proving that he or she acted in conformity therewith on a particular occasion, except:

(1) *Character of Accused.* Evidence of a pertinent trait of the accused's character offered by an accused, or by the prosecution to rebut the same;

* * *

"(b) *Other Crimes, Wrongs, or Acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or to prove that defendant feared imminent bodily harm and that the fear was reasonable."

**4.** Although defense counsel referred specifically to the Pawtucket police incident upon renewing the motion *in limine*, the original motion concerned the use of both the Lincoln and Pawtucket arrests, which had been disclosed by the prosecution during discovery.

cross-examine these witnesses on defendant's prior record by way of rebuttal. *See* Rule 404(a)(1). As a result of the ruling on the motion, the defense rested without presenting any witness testimony or evidence.

The trial justice's ruling on this motion is the subject of the instant appeal. The defendant seeks a new trial based on the assertion that the trial justice committed reversible error by refusing to rule *in limine*, before and during the trial, on "whether the jury should be apprised of one of the defendant's two prior criminal contacts." Rocha asserts that, although the trial justice did rule that the Lincoln obstruction charge would be admissible for impeachment purposes, "he would not rule on the admissibility of a prior nolo filing for a simple assault and disorderly." The defendant argues that the lack of a ruling on these Pawtucket offenses and the looming possibility of admission of this evidence, had a significant impact on his decision not to testify or to present other defense witnesses. The defendant relies on this Court's reasoning in *State v. Bennett*, 122 R.I. 276, 405 A.2d 1181 (1979) and *State v. Lariviere*, 527 A.2d 648 (R.I.1987) to support his position. Although, at oral argument, defendant acknowledged that *Bennett* and *Lariviere* strictly concern rulings *in limine* on the admissibility of evidence for impeaching a defendant, he asks this Court to extend the reasoning of those cases to rulings *in limine* on the admissibility of character evidence elicited from defense witnesses other than himself.

The state responds that, contrary to defendant's assertions, the trial justice made an affirmative Rule 609 determination on whether the state could impeach defendant with his prior contacts; he ruled that if defendant took the stand, he would permit testimony about the Lincoln disposition but not the Pawtucket case. Furthermore, the state argues that although the trial justice declined to make an advance Rule 404 determination on whether the state could cross-examine defense witnesses on these priors until direct testimony was elicited, this ruling was not an abuse of discretion. The state contends that depending on the testimony elicited from the defense witnesses, both prior criminal contacts might well have been admissible on the state's cross-examination of such witnesses. We agree.

 This Court uses an abuse of discretion standard when reviewing a trial justice's ruling on the admissibility of evidence of previous bad acts, convictions, or character. *See State v. Medina*, 747 A.2d 448, 449 (R.I.2000); *State v. Garcia*, 743 A.2d 1038, 1050 (R.I.2000). In the circumstances of this case, we are persuaded that the trial justice did not abuse his discretion in denying defendant's *in-limine* motion to bar the prosecution from introducing his obstruction conviction for purposes of Rule 609 impeachment. Pursuant to Rule 609(b), "any conviction can be used for impeachment purposes unless the court determines that its prejudicial effect substantially outweighs its probative value." *Medina*, 747 A.2d at 449–50. On the motion *in limine*, the trial justice deliberately explained that because the obstruction conviction concerned the giving of a false name, he considered such evidence to be more probative of Rocha's propensity for truthfulness than prejudicial. Although on its face the conviction was for "obstruction of a police officer," we do not consider the trial justice's ruling to be in error such that reversal would be warranted. "[A] prior conviction need not involve dishonesty, false statement, or a felony to be admissible." *Medina*, 747 A.2d at 450 (citing *State v. O'Brien*, 122 R.I. 749, 754, 412 A.2d 231, 234 (1980)). This offense was directly related to the issue of Rocha's

propensity for dishonesty, and therefore would be highly probative of his credibility on the stand. We reject defendant's contention that the trial justice's failure to rule on his motions *in limine* compromised defendant's ability to decide whether to take the stand in his own defense. The trial justice made a clear Rule 609 ruling with respect to both prior offenses. The defendant was well aware that had he taken the stand, he well might have been impeached on the obstruction conviction, but not the Pawtucket nolo filings.

■ Furthermore, the trial justice did not abuse his discretion when he deferred ruling on the admissibility of defendant's prior offenses for purposes of Rule 404 character rebuttal. This Court previously has recognized that the trial justice should respond to a motion *in limine* "so long as he had before him all of the relevant information upon which a decision might be based." *State v. Cruz*, 517 A.2d 237, 244 (R.I.1986) (per curiam) (quoting *Bennett*, 122 R.I. at 286, 405 A.2d at 1187). Even with an offer of proof as to what the defense witnesses planned to testify about,[5] the reality is that the testimony elicited on direct examination well may have differed and opened the door to a prosecutorial rebuttal of defendant's character by reference to defendant's Pawtucket or Lincoln pleas of nolo contendere. It is a well-accepted and clearly enumerated exception to Rule 404(a) that, although evidence of a person's character generally is not admissible to prove action in conformity therewith on a particular occasion,

"[e]vidence of a pertinent trait of the accused's character offered by an accused, or by the prosecution to rebut the same" is admissible. Rule 404(a)(1); *see also State v. Lopes*, 767 A.2d 673, 676 (R.I.2001) (per curiam); *State v. Quattrocchi*, 681 A.2d 879, 886 (R.I.1996); *State v. Micheli*, 656 A.2d 980, 982 (R.I.1995) (per curiam). Well-apprised of this exception, and aware that he was without all the relevant information with which to rule on defendant's motion prior to hearing defense witnesses testify, the trial justice prudently deferred ruling on the motion. This deferral did not tie defendant's hands nor did it compel him to rest his case without calling any witnesses; he had the strategic option of questioning defense witnesses in a careful and limited capacity to minimize the likelihood that defendant's prior criminal contacts could be introduced on cross-examination. As this Court said in *Cruz*, 517 A.2d at 245, we must conclude that "the trial justice had no choice save to rule as he did on the motion *in limine*, since he did not have before him all of the relevant information upon which a decision might be based. His decision to defer ruling pending the unfolding of evidence at the trial was without error."

Finally, we reject defendant's assertion that *State v. Bennett*, 122 R.I. 276, 405 A.2d 1181 (1979), and *State v. Lariviere*, 527 A.2d 648 (R.I.1987), are applicable to the instant appeal. As the defendant acknowledged, *Bennett* and *Lariviere* have no bearing on the issue of admissibility of

---

**5.** The state argues that it is in part because of defendant's offer of proof of the anticipated defense testimony that the trial justice correctly deferred on ruling on the motion. For example, the state argues that defendant's discovery indicated that an intended witness would testify that "he has known Michael Rocha his entire life and has never known him to use drugs and that he did not have

drugs on him that night." The state argues that the very nature of this intended testimony demonstrates how important it was that the actual testimony be elicited before the state could justifiably be foreclosed from cross-examining the witnesses concerning the underlying circumstances surrounding defendant's Pawtucket nolo plea.

character evidence elicited from witnesses other than the defendant, or whether a trial justice may defer on making a ruling *in limine* in this regard.

For the reasons stated, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.